## SCHUISLER & DONNELL *vs.* AMES.

1. If a tenant abandons the premises before the expiration of the term, the landlord may suffer them to remain vacant and recover the rent, or he may enter and determine the contract, in which event he would be entitled to recover only for the rent then due.

Error to the Circuit Court of Montgomery. Tried before the Hon. George Goldthwaite.

Schuisler & Donnell v. Ames.

THIS was an action by a landlord against his tenants to re-
cover rent. The proof conduced to show, that the defendants
leased a store of plaintiff for one year, ending the first of No-
vember 1844. At the expiration of the term, they held over
without a renewal of the lease. The defendants were part-
ners, and in January 1845, dissolved their partnership, and
abandoned the premises. They however, paid the quarter's
rent falling due February 1845. In August 1845, the plaintiff
rented the store to Donnell, one of the lessees, who took pos-
session and occupied it alone. The court charged the jury,
that if the defendants held over, after the determination of the
lease, the plaintiff was entitled to recover the two quarters
rent, falling due the first of May and August 1845. The de-
fendants excepted to the charge, and now assign it as error.

MARTIN & BALDWIN, for plaintiffs in error:

1. The plaintiffs in error were in possession, pending a trea-
ty for a further lease from 1st of November, and were not ten-
ants from year to year. Taylor's Landlord and Tenant, 42.

2. The fact that three or four days had transpired before
the treaty for a subsequent lease was entered upon, cannot
affect the plaintiff's rights, if this state of things was acquiesed
in by the defendant in error, and should have been submitted
to the jury. The court assumed to pass upon the testimony
in contravention of the rights of the jury.

3. An eviction by the landlord discharges the tenant from
the payment of the whole rent. Chitty on Con. (last edit.)
329; Taylor's Landlord and Tenant, 183; Smith v. Raleigh,
3 Camp. 513; Gramman v. Legge, 8 B. & Cress. 324.

4. The court erred in the charges given, and the charges
refused. Authorities referred to.

PRYOR, for defendant:

1. The plaintiffs in error held the premises from first No-
vember 1844, to first November 1845, at four hundred dollars
a year, payable quarterly, viz, 1st July, 1st May, 1st August,
and 1st November 1845. Ames v. Schuisler & Donnell, at
former term of the court.

2. The right of Ames to recover each quarter's rent was
perfect on the day it became due, and he could have main-

Schuisler & Donnell v. Ames.

tained an action for such quarter's rent, immediately after the day. See Marseilles v. Kerr, 6 Whart. 500.

3. The renting of the premises to Donnell, one of the plaintiffs in error on 1st of August 1845, was not an eviction of the tenants, for he was one of the tenants, and Ames was not bound to consult both of the partners, when he and the other partner agreed to abandon the contract from 1st August 1845. The renting to Donnell from 1st August 1845, could amount to nothing more than an abandonment of the contract for the residue of the year. It was not a recission of the contract, for a recission puts the parties *in statu quo*. Here they could not be put *in statu quo*, for the tenants had in legal contemplation rented the premises for three quarters. It was then a mere abandonment of the contract. This abandonment did not affect the plaintiff's right to recover the two quarters rent due at the time of the abandonment—that right was perfect. There is no evidence that Ames knew the plaintiffs in error had dissolved their copartnership, at the time the contract was abandoned, and he might well deal with one only. But if he had known of the dissolution, he would not have been bound to consult both of the partners, for one of them was fully competent to enter into a new contract with the landlord for the premises.

4. The first prayer for instructions was properly refused. The action was brought to recover rent, upon an executed contract, which could be given in evidence under the general counts. Patterson, Ex. v. Bank Columbia, 7 Cranch.

5. The counsel for the plaintiffs in error admits, that Donnell, the partner who rented the premises from 1st August 1845, is liable for the two quarters rent, because he assented by renting the premises on said day to the act of the landlord. But if the landlord can recover, he must recover on the *contract*, and the *contract* was made with both of the plaintiffs in error. No action therefore can be maintained against Donnell alone. The contract was *executed*, for the two quarters rent claimed in the action, at the time Donnell rented, &c., and nothing which the partners did afterwards could change the *parties* to *the executed contract*.

DARGAN, J.—When this cause was before this court at

a previous term, we held, that where there was a lease at a stipulated annual rent, and the tenant held over without making any new agreement as to the rent, the law implied a contract of renting from year to year, at the original rent agreed on. 14 Ala. 600. It is now shown that the defendants abandoned the premises in January 1845, and in August the plaintiff entered into a new contract, by which he leased the store to one of them alone, and it is contended, that this renting discharged the other tenant from the rent that had fallen due, and which remained unpaid at the time of the lease to Donnell.

It is not necessary to determine whether the defendants would be discharged from the rent that had fallen due, if the landlord, before the term expired, had entered upon the premises and actually expelled them: but we think it very clear, that if the tenants abandon the premises altogether, the landlord is not bound to let them remain vacant, during the entire term, in order to retain the right to recover the rent then actually due. But he may enter, and from that time the contract is determined, but his right to recover the rent due at the time of his taking possession, is not thereby lost. In the case of Marseilles v. Kerr, 6 Whart. 500, the plaintiff had leased a store to the defendant, who took possession, and then abandoned the premises. The plaintiff gave him notice that he should re-rent the store, but would hold him liable for the time it remained unoccupied. The plaintiff afterwards leased the store to another and sued the defendant for a quarter's rent. The court held that the defendant was liable for this quarter's rent. See also 7 Watts, 123. This decision seems to be in accordance with justice. If the tenant abandons the premises, the landlord ought not to be bound to suffer them to remain vacant during the term. Indeed it might often be more injurious to him to let them lie idle and unoccupied, than it would be to lose the rent, and he may be compelled to enter to avoid this greater loss. An entry under such circumstances should not discharge the tenant from the rent, that had accrued and was due. The entry, however, puts an end to the contract from that time, but does not release the tenant from the rent then due and unpaid. To hold otherwise, would be to enable the tenant, by abandoning the premises, to compel the landlord in many instances to release the rent due, by making

an entry, or to submit perhaps to greater loss. The correct rule, we think, is that if the tenant abandons the premises, the landlord may let them lie idle and recover rent for the whole term, or he may put an end to the contract of lease by entry; if he does so, he can only recover the rent actually due at the time he takes possession. The ruling of the Circuit Court was in accordance with the law as here expressed.

Let the judgment be affirmed.