# Rice *v.* Dudley.

*Action on Promissory Note given for Rent of Land.*

1. *Abandonment of leased premises by tenant; landlord's remedies.*—If the tenant abandons the leased premises before the expiration of the term, the landlord may, at his election, at once enter, and determine the contract, and recover the rent due up to the time of the abandonment; or he may suffer the premises to remain vacant, and sue on the contract for the entire rent; but he can not take possession of the premises, and afterwards treat the contract as still subsisting.

2. *Eviction by landlord defined.*—An eviction by the landlord is not a mere trespass, but something of a grave and permanent character, done by him with the intention of depriving the tenant of the possession of the leased premises; the question of eviction *vel non* depending on the facts, and being a matter for the decision of the jury.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.
This action was brought by Goldthwaite, Rice & Semple, suing as late partners, together with Mary D. Witter, against Joseph R. Dudley; was commenced on the 5th April, 1878, and was founded on defendant's promissory note, of which the following is a copy: "On the first day of November, 1875, I promise to pay Mary D. Witter the sum of fifteen hundred dollars, for rent of the plantation known as the 'Swamp Place' of the late John Dudley, deceased;" dated October 5, 1874, and signed by the defendant. Mrs. Dudley transferred a partial interest in the note, to the extent of $1,000, to Goldthwaite, Rice & Semple; and hence they were joined as co-plaintiffs with her. The defendant pleaded—1st, the general issue; 2d, that he was evicted from the plantation, for the rent of which the note was given, before the expiration of the term, by the said Mary D. Witter, who rented the premises to Farris & McCurdy; 3d, that he was greatly injured by the eviction, in the loss of his "reasona-

bly probable profits on said plantation during said year 1875," and otherwise, and claimed a recoupment of damages; 4th, "that said Mary D. Witter has been fully paid for the rent of said plantation during the year 1875;" 5th, failure of consideration. Issue seems to have been joined on all these pleas.

"On the trial," as the bill of exceptions states, "the plaintiffs introduced in evidence the note sued on, and rested. The defendant was then examined in his own behalf, and thus testified: That the note sued on was executed by him for the rent of a plantation in said county, known as the 'John Dudley Swamp Place,' for the year 1875; that he was in possession, in October, 1874, under a lease for the year 1874, and remained in possession, after said note was given, until he left the same during Christmas week, and up to January 10th, 1875; that during said time he left the place, and removed all the laborers, stock and utensils, to another plantation which he had rented, about two miles distant; that he left the place, intending not to cultivate it as a cotton and corn plantation, as he had done the year before, but did intend to cultivate about four hundred acres in corn and oats; that he left on the place one colored man and family, to take care of the same, and also to guard some 1500 bushels of corn, and eight bales of cotton, also left on the place; that about the 15th January, 1875, after he left the place, Farris & McCurdy went on the place, without his knowledge or consent, and cultivated about 350 acres of the land. There was, of tillable land on said plantation, about 1100 acres. The evidence for plaintiffs tended to show, that the defendant abandoned the plantation, about the 10th January, 1875, altogether; but other evidence tended to show, that he only abandoned it as a cotton and corn plantation, and intended to cultivate a portion of it in corn and oats. The evidence showed, also, that plantations such as this, in said county, were generally used to be cultivated in cotton and corn. The defendant removed the cotton and corn left by him on the place, after Farris & McCurdy went into possession of a portion of the land. It was proved, also, that on the 16th January, 1875, Mrs. Witter, who owned the plantation, agreed with Farris & McCurdy that they might cultivate as much of said land as they could in corn, at a rate equal to the rented value agreed to be paid by the defendant; that they cultivated about 350 acres, for which they paid 500, which was the full value of the portion so cultivated. The evidence showed, also, that defendant had made no preparations for cultivating said lands, and that planters in the neighborhood had generally made large preparations for

planting cotton and corn, by plowing, and cleaning up the land. Mrs. Witter did not enter upon said land, or take possession thereof, except by said renting to Farris & Mc-Curdy.

"On this evidence, the plaintiff requested the court, in writing, to charge the jury as follows: '1. In contracts of rent of farming lands, it is implied, as a part of the contract, that the lessee shall use and cultivate the land in the customary manner in the country; and if the tenant fails to thus use and cultivate the land, and abandons the same, he is still liable for the rent agreed on; and if the landlord does not re-enter and take possession of the premises, but does rent out a portion of the land to another, to save himself from loss by the land remaining unoccupied, and gives the tenant credit for the rent so received, and he rents out the same for a fair equivalent, this act of the landlord does not terminate the lease.' '2. If a tenant of farm lands abandons the same after the commencement of the term, the landlord has the right to rent out, for the balance of the term, a portion, or all of the land, for the best price obtainable, for his own and the tenant's benefit, without thus discharging the tenant from liability on the note for rent.' The court refused to give said charges, or either of them; to which rulings plaintiffs excepted."

The refusal of the charges asked is now assigned as error.

WATTS & SONS, and R. M. WILLIAMSON, for appellants, cited *Lynch v. Baldwin*, 69 Ill. 210; *Hayner v. Smith*, 63 Ill. 430; *Tomlinson v. Day*, Brod. & Bing. 680; *Allen v. Saunders*, 6 Neb. 436.

F. S. FERGUSON, *contra*, cited Taylor on Landlord and Tenant, 7th ed., §§ 315, 378–9, 386–8, 627, 649; *Leishman v. White*, 1 Allen, Mass. 489; *Schuessler & Donnell v. Ames*, 16 Ala. 73; *Crommelin v. Thiess*, 31 Ala. 412; *Diaz v. May*, 42 Ala. 383; *Christopher v. Austin*, 11 N. Y. 216; *Etheridge v. Osborn*, 12 Wendell, 529; *Hay v. Cumberland*, 25 Barbour, 594; *Colburn v. Morrill*, 117 Mass. 162; *Sherman v. Williams*, 113 Mass. 481; *Crawford v. Jones*, 54 Ala. 549; *English v. Key*, 39 Ala. 113; *Carter v. Burr*, 39 Barbour, 59; 8 Cowen, 727; 6 Oregon, 316; 23 Maine, 508.

SOMERVILLE, J.—Where a tenant abandons the premises leased, before the expiration of the term, the landlord is at liberty to pursue either of two courses. He may suffer the premises to remain vacant, and sue on the contract of

[Rice v. Dudley.]

renting; or he may enter, and determine the contract, claiming the rent due up to the date of abandonment.—*Crommelin v. Thiess & Co.*, 31 Ala. 412; *Schuesler & Donnell v. Ames*, 16 Ala. 73. The landlord can not take possession of the premises, and insist, at the same time, that the contract of renting is in force, without the consent, express or implied, of the tenant. It is always to be implied, in the absence of a stipulation to the contrary, that the tenant shall have the uninterrupted occupancy and use of the whole of the premises; and if he be ousted from any material part thereof, he may treat such interference of the landlord as an *eviction*, and abandon the lease. And in the event of the tenant's electing to take this course, he is exonerated from the payment of rent.—Taylor on Land. & Ten. § 315; *Christopher v. Austin*, 11 N. Y. 216.

In the case of *Upton v Townsend*, 84 Eng. C. L. 30, it was said by JERVIS, Lord Chief-Justice: "It is extremely difficult, at the present day, to define with technical accuracy what is an eviction. . . . I think it may now be taken to mean this—not a mere *trespass* and nothing more, but something of a grave and permanent character, done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises." This, we think, is a proper exposition of the law; the question of eviction or no eviction depending upon the facts, and being a matter for the decision of the jury.—*Hayner v. Smith*, 63 Ill. 430.

The charges numbered 1 and 2, and requested by the appellant to be given by the circuit judge, do not harmonize with these principles, and were properly refused.

Whether, under a count properly framed for use and occupation, a recovery could, in any event, have been sustained, on a *quantum meruit*, for the occupancy of a portion of the demised premises, it is not necessary to consider, the authorities on this point being conflicting.—*Christopher v. Austin, supra; Leishman v. White*, 1 Allen (Mass.), 489.

Affirmed.