JOSEPH W. MERRILL v. DAVID F. WILLIS.

FILED APRIL 21, 1897.    No. 7231.

1. **Landlord and Tenant: ABANDONMENT BY TENANT: REMEDY.** A landlord is not, upon the abandonment of the demised premises by the tenant in violation of his contract, required to relet for the protection of the latter, but may at his election suffer the premises to remain vacant, and recover his rent for the remainder of the term by means of an action on the lease.

2. ———. *Allen v. Saunders*, 6 Neb., 436, distinguished.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Affirmed.*

*A. D. McCandless*, for plaintiff in error.

*C. S. Otis* and *E. O. Kretsinger*, contra.

POST, C. J.

The defendant in error, Willis, by written indenture, bearing date of January 25, 1892, leased to Merrill, the plaintiff in error, lot 7, in block 6, Casebeer's Addition to the city of Blue Springs, for the term of one year at the agreed rate at $7 per month, payable monthly in advance. Merrill went into possession under said lease and occupied the demised premises for the period of two months, at the expiration of which time he abandoned the same without Willis' consent. In an action on the lease for the balance of the rent reserved, upon the expiration of the term, Willis recovered judgment, from which Merrill prosecutes error. The undisputed evidence is that Willis refused to accept the proffered surrender, and that on being advised by Merrill of his intention to abandon the premises at once, notified the latter that he would look to him for the rent in accordance with the terms of the lease. There was on the trial below evidence introduced tending to prove the refusal of Willis to relet the premises for the unexpired term. The court, however, held that the doctrine of avoidable consequences was not applicable to the facts of the case, and that a lessor is not required to relet for the protection of a lessee who has, without his consent and without justification, abandoned the demised premises, and which ruling presents the only question for determination at this time.

We are, by counsel for plaintiff in error, referred to *Allen v. Saunders*, 6 Neb., 436, as opposed to the rule asserted by the trial court. The turning point of that case was, however, not the duty of the lessor to relet, but the qualification of an instruction, otherwise satisfactory to both parties, to the effect that the plaintiff therein was

not required to let to a tenant whose business would permanently injure the property. What is there said respecting the duty of the lessor to relet for the protection of the lessee must accordingly be regarded as *obiter* merely, and not decisive of the question here involved. It follows from the foregoing observations that the question is in this case an open one for consideration upon its merits. The rule sanctioned by the decided weight of authority, if indeed there can be said to be a diversity of opinion on the subject, is that the landlord may in such case, at his election, relet the premises upon the abandonment thereof by the tenant, in which case the measure of his damage will be the agreed rental less the amount realized on account of such reletting; or he may permit the premises to remain vacant until the end of the term, and recover his rent in accordance with the terms of the lease. (See *Hayward v. Ramge*, 33 Neb., 836; *Schuisler v. Ames*, 16 Ala., 73; *Tully v. Dunn*, 42 Ala., 262; *Rice v. Dudley*, 65 Ala., 68; *Ledoux v. Jones*, 20 La. Ann., 539; *Milling v. Becker*, 96 Pa. St., 182; *Randall v. Thompson*, 1 Tex. App. Civ. Cas., sec. 1102; *Rispini v. Porta*, 89 Cal., 464; *Clendinning v. Lindner*, 30 N. Y. Supp., 543; *Underhill v. Collins*, 132 N. Y., 269; *Bowen v. Clarke*, 30 Pac. Rep. [Ore.], 430.) The direction in favor of the plaintiff was accordingly right and the judgment will be

AFFIRMED.