# Roll *v.* Howell.

## *Assumpsit.*

(Decided May 5, 1913.   Rehearing denied June 5, 1913.
62 South. 463.)

1. *Pleading; Conclusion.*—Where the action was for rent, a plea asserting that defendant was evicted from the premises states a legal conclusion, and was therefore subject to demurrer.

2. *Landlord and Tenant; Eviction; Repairs; Consent.*—A plea of eviction by the landlord by entry to make repairs, but which fails to aver that the entry was without consent of the tenant, is not sufficient, for construing the pleading most strongly against the pleader, the act of the landlord was by consent of the tenant.

3. *Same.*—Where the action was for rent, and the tenant abandoned the premises on May 1, a plea which states that the landlord

took possession and re-let the premises on August 1, alleges neither an entire, nor partial eviction.

4. *Same.*—Where the action was for rent, a plea that the landlord took possession of the premises prior to the expiration of the lease, without the consent of the tenant, for the purpose of making extensive repairs, and that the tenant thereupon abandoned the premises is a sufficient plea of partial eviction.

5. *Same.*—The law will not apportion the rent in favor of the wrong doer, and hence, a partial eviction is as effective a defense to an action for rent as an entire eviction.

6. *Same.*—Where there is an abandonment of the premises, by the tenant, and the landlord takes possession thereof without the tenant's consent before the expiration of the lease, the landlord cannot recover rent thereafter to become due while the condition continues.

7. *Same; Entire Eviction.*—A plea of entire eviction must state facts which show definitely and certainly that the abandonment of the premises by the tenant was caused by the wrongs of the landlord.

8. *Depositions; Admissibility.*—Where depositions and exhibits used at a former trial of the same cause were, by order of the court, and without objection, detached for convenience, and there was no question as to the identity and genuineness of the parts, such deposition and exhibits may be received in evidence at a subsequent trial.

9. *Same; Evasiveness; Discretion of Trial Court.*—Where the interrogatories and the answers thereto are not set out in the transcript, and there is nothing to show that the court did not find that the answers were not evasive, an assignment of error to the ruling of the court as to the answer is not well taken, as it is within the discretion of the trial court to determine whether they are evasive.

10. *Same; Foundation.*—Where the bill of exceptions does not purport to contain all of the evidence, this court will presume that there was testimony identifying parts of the depositions and answers, and exhibits detached at a former trial of the same cause, sufficient to justify the admission of the parts admitted in evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Lizzie G. Howell against J. H. Roll to recover rent of a storehouse. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following pleas were filed by defendant:

(E) That plaintiff should not have and recover of this defendant anything because that defendant long

prior to the expiration of said lease, and on, to wit, the 1st day of May, 1908, was evicted from the premises which he had leased from the plaintiff, and for the rent of which this suit was brought to recover, the said eviction taking place before the beginning of time for which plaintiff claims rent in her said complaint.

(F) Same as E, with the additional allegation that by and through her agent plaintiff entered upon the premises, tore down and removed all or a large part of the front of the storehouse, took and kept said building for a long time, to make said alteration, and defendant says that the same constituted an eviction and re-entry by plaintiff, and he was thereby released from the payment of any part of the rent.

Plea G alleges the taking possession and a releasing on the 1st day of August, 1908.

(H) Defendant says that long prior to the expiration of the lease made to him on the premises 127 Whitehall street, and before the beginning of time for which plaintiff claims rent in her said complaint, and for the rent of which this suit is brought to recover, plaintiff did by and through her agent take charge of said building on, to wit, the 1st day of May, 1908, make extensive repairs and changes thereon without the consent of defendant, and defendant says that by reason of said act the defendant should not be required to pay any rent after said entry by plaintiff or her agent, and the defendant at the time of said re-entry by plaintiff or prior thereto abandoned said premises.

W. T. HILL, and JAMES A. MITCHELL, for appellant. The so-called demurrers were not such in form, and constitute after all only one ground if they can be considered demurrers at all. The court erred in sustaining the demurrers to special plea E.—*Rice v. Dudley,* 65

Ala. 68; *Warren v. Wagner*, 75 Ala. 188.  Plea F was not subject to the demurrer.—*Abrams v. Watson*, 59 Ala. 524, and authorities next above.  Plea H was good, and the court erred in sustaining the demurrers.— *Crommelin v. Thiess*, 31 Ala. 412, and authorities above. The court should have granted the motion to attach the plaintiff, and require her to answer.—Sec. 4055, Code 1907.  The court erred in permitting the loose and detached sheets of what purported to be the answers to deposition and exhibits thereto to be read in evidence.

THOMPSON & THOMPSON, for appellee.  This is the second appeal.—*Howell v. Roll*, 169 Ala. 512.  Counsel insist that the assignments are presented and argued together, and that unless all are good, it cannot avail appellant.—*Ashford v. Ashford*, 136 Ala. 631.  The burden is on the appellant to show manifest error to his prejudice.—*Hood v. Pioneer*, 95 Ala. 461; *Evansville v. Slaton*, 101 Ala. 245.  The assignments based on the rulings as to depositions were decided adversely to appellant on the former appeal of this case.—*Howell v. Roll, supra*. The authorities cited by appellant do not sustain their contention as to plea E, or as to plea F, as they fail to show an eviction.—*Phillips, et al. v. Whitney*, 109 Ala. 645; *Anderson v. Winston*, 136 Ala. 422; *Cook v. Anderson*, 85 Ala. 99; 21 Cyc. 1132.  The same authorities fully sutain the action of the court in passing upon the other pleas.

PELHAM, J.—This suit is brought to recover the balance due on a written lease or contract of rental for a certain storeroom described in the complaint.  The defendant (the appellant here) filed a number of special pleas, to which demurrers were sustained by the court, whereupon the defendant filed amended pleas.

designated as pleas E, F, G, and H, and demurrers were sustained to these pleas.

Plea E does not undertake to state the facts showing an eviction, but merely states a legal conclusion, and is subject to the demurrers interposed to it.—6 Mayfield's Dig. p. 711, § 40.

Plea F fails to aver that the acts of the landlord complained of in entering to repair the premises were without the permission of the tenant. Taking the averments of the plea most strongly against the pleader, the act of the landlord in entering to repair set up in the plea was with the consent of the tenant.

Plea G manifestly does not state sufficient facts to constitute either an entire or a partial eviction in law, that would be a complete defense to the action for rent.

Plea H (the reporter will set out this plea), while not carefully drawn, sets up sufficient facts to show at least a partial eviction by the acts of the landlord, and also shows that the landlord took possession of the premises without the consent of the tenant, and that there was a relinquishment or abandonment by the tenant before the expiration of the term and before the time embraced within the period for which the rent accrued for which suit is brought. The plea by a fair construction of the language employed in effect alleges that the defendant, as the tenant of the premises, did not have the full enjoyment of the occupancy of the premises during the period for which the plaintiff as landlord seeks to recover rent, due to the fact that the plaintiff, acting through her agent, entered and took charge of the premises, without the consent of the defendant, to make extensive repairs.

These allegations are sufficient to show a "partial eviction" as it is termed that would be a good defense to a claim for rent accruing under such conditions

thereafter, for a parial eviction by the landlord is as effective in this particular as a defense to an action to recover such rent as an entire or total eviction.—2 Tiffany's Landlord and Tenant, p. 1264 (e); *Warren v. Wagner,* 75 Ala. 188, 51 Am. Rep. 446; 18 Am. & Eng. Ency. Law, p. 298 (2) et seq. If the tenant loses the benefit of the enjoyment of any material portion of the demised premsies by the act of the landlord, the rent is thereby suspended, for the law will not apportion the rent in favor of the wrongdoer.—2 McAdams on Landlord and Tenant (3d Ed.) pp. 1290, 1293.

And, besides, as said in the case of *Rice v. Dudley,* 65 Ala. 68, "where a tenant abandons the premises leased, before the expiration of the term, the landlord is at liberty to pursue either of two courses. He may suffer the premises to remain vacant, and sue on the contract of renting; or he may enter, and determine the contract, claiming the rent due up to the date of abandonment.— *Crommelin v. Thiess,* 31 Ala. 412 [70 Am. Dec. 499]; *Schuisler & Donnell v. Ames,* 16 Ala. 73 [50 Am. Dec. 168]. The landlord cannot take possession of the premises, and insist, at the same time, that the contract of renting is in force, without the consent, express or implied, of the tenant." Plea H shows an abandonment of the leased premises, before the expiration of the term, and an entry and possession by the landlord, before the expiration of the contract of rental, without the consent of the defendant, and this would operate as a bar to the right of the landlord to recover the rents thereafter to become due during a continuance of this condition, and the court was in error in overruling the demurrers to this plea, although its averments might be considered as not showing in legal effect an entire or total eviction. The act alleged on the part of the landlord shows a substantial interference by her with the ten-

[Roll v. Howell.]

ant's enjoyment of the premises during the period of the rental contract, and that the tenant abandoned the premises, and this would be a bar to the action, on the rental contract for the recovery of rents subsequently accruing.

If it was the purpose of the pleader to set up an entire or total eviction, the averments of the plea should allege facts from which it would definitely and certainly appear that the tenant's relinquishment of the premises was in consequence of the wrongs of the landlord, which acts, taken together, would have the legal effect of a total eviction.—1 Tiffany's Landlord and Tenant, 1157, 1221.; 2 Tiffany's Landlord and Tenant, 1258, et seq.; *Crommelin v. Thiess,* 31 Ala. 412, 70 Am. Dec. 499.

The assignment of error based on the court's ruling with respect to the plaintiff's answers to the interrogatories propounded to her by the defendant not being sufficiently full is not well taken. This is a matter of discretion with the trial court, and, for aught that appears in the transcript, the court found that the answers of the plaintiff were not evasive, and that the defendant's motion was not sustained by the facts. Neither the questions nor the answers to the interrogatories are set out in the transcript, and there is no data furnished this court from which it could say that the trial court did not find against the defendant on the facts in passing on the motion.

The defendant's objections to the introduction on the trial of the deposition taken in behalf of the plaintiff, and letters as exhibits thereto, were not well taken. It was shown that this deposition and the exhibits were used on a former trial of the case, and the fact that the exhibits and some of the leaves were detached for convenience in handling it on the former trial, at the

suggestion of the trial judge and with the consent of all parties, would not destroy the efficacy of the deposition and its exhibits as evidence to be used on another trial of the case, unless there was some question as to the identity and genuineness of the detached parts of the deposition or its exhibits. It is affirmatively shown by the bill of exceptions that this deposition and its exhibits introduced on this trial were the same as used on the previous trial, and no question seems to have been raised on this point, but the fact seems to be conceded.

The bill of exceptions does not purport to set out all of the testimony, and this court will presume, if necessary, that there was other testimony sufficient to warrant the trial court in making the ruling it did with respect to the admissibility of the depositions, and, besides, the motion to suppress does not appear to have been made before entering upon the trial.

For the error of the court in sustaining demurrers to plea H, as above discussed, the judgment appealed from must be reversed.

Reversed and remanded.