In re SIMON HOTEL CO.

(District Court, N. D. Alabama, S. D. May 31, 1915.)

No. 13935.

1. LANDLORD AND TENANT ⬤═242—LIEN FOR RENT—EFFECT OF EVICTION.

S., one of the lessees of property which they leased to a subtenant, a hotel company, directed that an attorney be employed to close the hotel company up by the issuance of an attachment. The deputy sheriff levied the writ by not only locking the stockroom of the bar, but also locking up one bar and acquiescing in the placing of a sign over another bar that it was closed, by directing the hotel clerk to receive no more guests, and by taking charge of the hotel employés, without any disapproval by S.'s attorney, who was present immediately after the levy. Subtenants of the hotel company, operating a lunch stand, barber shop, etc., were not interfered with; but it did not appear that they were in default in their rent. The hotel company's only managing officer, upon hearing of the levy, stated that he would have nothing more to do with the premises. He filed a voluntary petition in bankruptcy, and an involuntary petition was also filed, upon which a receiver was appointed; the application for the appointment being made under both petitions. The receiver took possession and operated the hotel, as did the trustee upon his appointment. Held, that there was a partial eviction of the hotel company, followed by an abandonment of the premises by it, which defeated the original landlord's lien on the hotel company's property for rent subsequently accruing, under the law of Alabama.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 976, 979–981; Dec. Dig. ⬤═242.]

⬤═For other cases see same topic & KEY-NUMBER in all Key.-Numbered Digests & Indexes

**2. LANDLORD AND TENANT ☞242—LIEN FOR RENT—EFFECT OF EVICTION.**

The original lessees had no lien on the hotel company's property for the rent for the month in which the company was evicted, as they could not apportion their wrong and collect pro tanto for the part of the month during which the company actually occupied the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 976, 979–981; Dec. Dig. ☞242.]

In Bankruptcy. In the matter of the Simon Hotel Company, bankrupt. On petitions to review an order of the referee disallowing claims for liens for rent. Petitions denied.

M. M. Ullman, of Birmingham, Ala., for petitioner Adler.

George Bush and Morris Loveman, both of Birmingham, Ala., for petitioners Simon and Campbell.

Beddow & Oberdorfer and Arthur L. Brown, all of Birmingham, Ala., for trustee in bankruptcy.

GRUBB, District Judge. The petitions for review of Ike Adler, the original landlord, and of Edwin I. Simon, Al E. Campbell, and C. D. Odum, tenants of Adler, and landlords of the Simon Hotel Company, the subtenant, for allowance of lien for rent—that of Simon, Campbell, and Odum for the past-due rent for the month of January, 1915, which they had paid to their landlord, but which had not been paid them by the subtenant; and that of the landlord for the balance of the rent due for the unexpired term of the lease, by virtue of the Alabama statute creating a lien in favor of the original landlord on the property of the subtenant for the rent due for the term of the subtenant—are submitted for decision. The petitions were denied by the referee because of his finding of fact that the subtenant had been partially evicted by the act of his landlords, the tenants of the original landlord, and had thereafter surrendered the premises to their landlord; that this eviction occurred during the month of January, for which Simon, Campbell, and Odum, its landlords, claimed a lien for rent past due, and so excused the payment of rent for that month.

[1, 2] The claimed partial eviction arises from the action of Simon, not shown to have been unauthorized by the other two lessees, in causing to have issued and levied by the sheriff an attachment on the property of the bankrupt in the leased building and the manner the levy was executed by the sheriff with the authority of Simon and his attorney. I think the evidence justified the referee's finding that there was a partial eviction of the bankrupt, the Simon Hotel Company, from the leased premises. If no more was done by Simon than attach for past-due rent the personal property of his tenant, the bankrupt, on the leased premises, as he had a right to do, no eviction or partial eviction could be predicated on such act. The evidence, however, shows that Simon directed his brother to get an attorney and close the bankrupt up by the issuance of an attachment against it, and stated that since Stowers, the manager of the bankrupt, would not consent to a voluntary bankruptcy, this was the only way to close it up. The writ was levied by the deputy sheriff by locking the stockroom of

the bar, which he probably had a right to do, as it was merely a taking possession of the personal property levied upon. However, he also locked up the colored bar, acquiesced in the placing of a sign over the white bar that it was closed, directed the clerk of the hotel to receive no more guests, and seems to have taken charge of the hotel employés during the time between the levy and the taking charge by the receiver in bankruptcy. The attorney for Simon was present immediately after the levy was made, and did not express disapproval of the method in which it was made, and did confer with the deputy sheriff on the premises. These and other facts set out in the record were sufficient to justify the inference drawn by the referee that the purpose of the levy was to close up the bar and the hotel in the possession of the bankrupt and dispossess the bankrupt of the leased premises actually in its occupancy. It is true the lunch stand, hat shop, barber shop, and produce store were not interfered with; but these were occupied by subtenants of the bankrupt, who are not shown to have been in default for nonpayment of rent, and it is consistent that Simon, Campbell, and Odum were willing to let them stay on, as long as they paid rent, and that their purpose was only to dispossess the bankrupt, which was in default, of the part of the premises which it actually occupied. I think the directions and instructions given by Simon, and the subsequent acts and declarations of the deputy sheriff, and the acquiescence of Simon's attorney, warranted the referee in finding that there had been a partial eviction of the bankrupt. It was more than a temporary trespass, since the purpose of Simon may well have been inferred to have been to permanently close up and oust the tenant from possession. Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446.

The parties agree upon the legal effect of a partial eviction under the decisions in Alabama. It operates to abate the rent pro tanto only, unless the tenant subsequently abandons or surrenders the entire possession of the leased premises to his evicting landlord. One Stowers was the only managing officer of the bankrupt at the time of the levy. He was not present when the levy was made, and the evidence tends to show that upon hearing of it, soon after, he stated that he would have nothing more to do with the hotel premises, and did not, in fact, in any way interfere with them. The clerks and employés seem to have taken such instructions as they had, after the levy, from the deputy sheriff, who made it, until the receiver in bankruptcy took charge. The bankrupt abandoned possession and control of the leased premises actually occupied by it, after the levy was made, and did not collect any rents from the tenants who occupied the lunch counter, barber shop, hat shop, and produce store, after the levy of the attachment. I think the referee was justified in finding that there was an abandonment of the leased premises by the bankrupt, immediately after the levy of the attachment by the deputy sheriff.

It is said that the subsequent filing by Stowers for the bankrupt of a voluntary petition in bankruptcy, and the subsequent proceedings and adjudication, contradict the finding of an abandonment. An involuntary petition was also filed by certain creditors. The two petitions were consolidated, and an adjudication had in the consolidated cause.

An application for the appointment of a receiver was probably made under both petitions. The receiver was appointed upon the petition in the involuntary cause, and was authorized to operate the business of the bankrupt. The receiver took possession and did operate the hotel and bar, as did the trustee upon his appointment. It seems clear that temporary operation of the business by the receiver and trustee as officers of the court, and not as agents of the bankrupt corporation, and under an order of the bankrupt court, could not avail to defeat the effect of the previous partial eviction of the bankrupt corporation, if there was one. The receiver's and trustee's obligation to the owner during such possession would be for use and occupation, and not for rent under the bankrupt's lease.

If there was a partial eviction of the bankrupt from the leased premises, and a subsequent abandonment of them entirely by the bankrupt, it is conceded that the lien for rent would totally fail. The lien against the property of the subtenant in favor of the original landlord is created by the Alabama statute, and has been construed to extend only to the term of the subtenant. Gans & Co. v. Tyson, 170 Ala. 513-519, 54 South. 237. If the term of the subtenant is terminated by the partial eviction of the subtenant by his immediate landlord, followed by the subtenant's abandonment of possession, it is clear the original landlord has no lien for rent on the property of the subtenant beyond the expiration of the subtenant's term so terminated. The claim of the original landlord, Ike Adler, for payment of future rent, fails for these reasons.

The claim of the mediate landlords, Simon, Campbell, and Odum, for past-due rent for the month of January, also fails, since the wrongful eviction of their tenant occurred on January 25th, and that month's rent is indivisible by the terms of the lease. The landlords, not being entitled to the full month's rent, are entitled to none. Having wrongfully evicted their subtenant, the bankrupt, during the month of January, they are not permitted to apportion their wrong and collect pro tanto, under the lease, for the part of the month during which their tenant actually occupied the premises. Roll v. Howell, 9 Ala. App. 171, 62 South. 463. The referee also correctly disallowed the petition of Simon, Campbell, and Odum.

The petitions for review are denied, at the cost of petitioners.