(87 South. 703)

LOCASCIO v. BARBER. (6 Div. 743.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied Nov. 9, 1920.)

1. LANDLORD AND TENANT ⬡195(1)—TENANT'S LIABILITY FOR RENT AFTER ABANDONMENT NOT AFFECTED BY LANDLORD'S ENTRY.

Where property has been abandoned by the tenant, the landlord may enter upon the premises for the purpose of caring for them and preventing trespass or other depreciation, without affecting the tenant's liability for future rent, since the action of the landlord in so doing does not interfere with the tenant's right to use the premises; but, where the action of the landlord is such as to amount to eviction, the contract of rental determines, and the liability for rent ceases.

2. LANDLORD AND TENANT ⬡110(2)—LANDLORD'S ENTRY ON ABANDONED PREMISES MERELY TO PRESERVE THEM DID NOT TERMINATE TENANCY.

Where tenant abandoned premises, the act of the landlord in closing up the house, so as to preserve it and to advertise it for rent, did not terminate the tenancy, notwithstanding provision of lease entitling landlord to re-enter the premises and annul lease on lessee's failure to pay rent or violation of other condition of lease.

3. LANDLORD AND TENANT ⬡195(2)—LANDLORD BY RE-RENTING ABANDONED PREMISES EVICTED FORMER TENANT.

Landlord, by renting premises abandoned by tenant prior to expiration of lease to third party, evicted the former tenant and absolved such tenant from liability for future rent, though rent paid by the new tenant was a lesser amount than that the former tenant had contracted to pay.

Appeal from Circuit Court, Jefferson County; Dan A. Green, Judge.

Action by Arlie Barber against F. P. Locascio. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied, 87 South. 704.

William Vaughan and Smith & McCary, all of Birmingham, for appellant.

Court erred in rendering judgment for the plaintiff. 65 Ala. 70; 9 Ala. App. 71, 64 South. 158; 1 Taylor's L. & T. § 291; 2 Wood's L. & T. 1174.

Graham Perdue and Arlie Barber, both of Birmingham, for appellee.

There was no retaking in such a sense as to deprive the landlord of his rent between the abandonment and May 1st. 68 Miss. 664, 9 South. 895, 13 L. R. A. 598, 24 Am. St. Rep. 294; 184 Ill. 421, 56 N. E. 807, 75 Am. St. Rep. 181; 89 Cal. 464, 26 Pac. 967, 23 Am. St. Rep. 488; 22 Or. 566, 30 Pac. 430, 29 Am. St. Rep. 625; 101 S. W. 269; 25 S. E. 713. Court properly rendered judgment for the plaintiff. 193 Ala. 438, 69 South. 549; 24 Cyc. 1165.

SAMFORD, J. The defendant occupied the premises under the contract of rental until some time in February, and then, without notice to his landlord or fault on the part of the landlord, moved out and abandoned the property, leaving it vacant and uncared for, and was not seen by the landlord for more than a year. Upon being informed of the condition of the property, and that it was left open, and all of the effects of defendant gone, and that the defendant had left no keys, the landlord fastened up the house and left it vacant until May 1st, when he rented it to another tenant at a reduced rent for the balance of the term and put the new tenant in possession. This he did without consulting defendant or seeing him. The contract was for one year, but called for monthly payments of $20 each, in advance, and all of these were paid to February 1st.

[1-3] It is true the plaintiff testified that when he found that the defendant had abandoned the premises he "took possession," but this was a conclusion. The facts testified to, as to what he did, were to close up the house in such manner as to preserve it and advertise it for rent. Where property has been abandoned by a tenant, the landlord may enter upon the premises for the purpose of caring for them and preventing trespass or other depreciation, without affecting the tenant's liability for future rent. 16 R. C. L. p. 970, § 482, note 8. This in no wise interferes with the tenant's right to use. Where, however, the landlord takes such action as that it amounts to an eviction, the contract of rental is determined and the liability for rent ceases. Schuisler & Donnell v. Ames, 16 Ala. 73, 50 Am. Dec. 168; Roll v. Howell, 9 Ala. App. 171, 62 South. 463. Under the facts in this case, the eviction took place on May 1st, after which time plaintiff was not entitled to recover rent from defendant, although the rent was for a lesser amount than the contract called for.

Under the undisputed facts, the plaintiff is entitled to a judgment for the rent due February 1st, March 1st, and April 1, 1915, at $20 per month, with interest thereon, plus a reasonable attorney's fee, which is proven to be $25. This would amount to $115.40 at the date of trial. The judgment rendered in the lower court is only $85, of which the plaintiff does not complain, and as to the defendant it is error without injury.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

It is urged by counsel for appellant that this court has not given consideration to

that clause in the written lease whereby it is provided:

"Should the lessee fail to pay the rents as they become due as aforesaid, or violate any other condition of this lease, the lessor shall then have the right at his option to re-enter the premises and annul this lease."

It was not necessary for the court to pass upon that clause in the contract under the facts as presented, there being no evidence to show that the lessor exercised the option under the lease to annul the same. Whether the lessor entered after abandonment by the lessee, independent of the lease, or whether he entered, by reason of the exercise of the option in the lease is of no moment. That the actual entry took place on May 1st fixes the liabilities and rights of the parties in this suit, and this fact is established by the evidence, to the satisfaction of this court.

Application overruled.