(125 So. 683)

DEMING et al. v. SCOVILLE. (6 Div. 461.)

Supreme Court of Alabama. Jan. 16, 1930.

Judge & Nesmith, of Birmingham, for appellants.

Harsh & Harsh, of Birmingham, for appellee.

GARDNER, J. Appellants, for a reversal of the judgment rendered against them in the court below, rest upon the principle of law that where a tenant abandons the possession of the premises before the expiration of his term, and the landlord re-enters and resumes the beneficial use and enjoyment of the premises, he thereby terminates the lease in so far as his right to recover subsequently accruing rents is concerned. 16 R. C. L. pp. 970–1; Rice v. Dudley, 65 Ala. 68; Schuisler & Donnell v. Ames, 16 Ala. 73, 50 Am. Dec. 168.

But the principle of these authorities is here inapplicable. The defendants declined to take possession, and, never having entered into possession, there was, in the sense indicated, no re-entry by the landlord. A written contract of rental for a period of one year was duly entered into, and prior to the beginning of the term defendants notified plaintiff they would not accept possession of the premises and would not carry out the terms of the contract. The suit here is not one on the contract to recover the agreed rental, but an action to recover damages arising from its breach. 35 C. J. pp. 1195, 1196; 16 R. C. L. p. 973.

The question was considered by this court in Tully v. Dunn, 42 Ala. 262, where the following language, pertinent to the facts of this case, was used: "The appellant having committed a breach of the contract, by a failure to enter upon its performance, the appellee was not bound to suffer the premises to remain vacant during the term. In such case, the landlord may let the premises lie idle and recover rent for the whole term, or he may put an end to the contract of lease by entry. In the latter event, the tenant is not thereby released from liability for such damages as may have been sustained by the breach of his contract."

The only assignments of error argued relate to the refusal of charges based upon the principle of law first herein stated, and which we conclude is without application to the instant case.

It results that the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.