CENTRAL TRUST COMPANY, *Trustee,* v. CAPITOL DRUG COMPANY.

(No. 6893)

Submitted January 29, 1931. Decided February 10, 1931.

(Rehearing denied April 3, 1931).

*H. D. Rollins*, for plaintiff in error.

*George D. Moore* and *Cyrus H. Gadd*, for defendant in error.

LITZ, JUDGE:

The plaintiff is aggrieved by the action of the circuit court in directing a verdict for the defendant and entering judgment accordingly.

The action was brought for the rent of a store room in the town of Cabin Creek owned by the estate of J. P. Clark, deceased, for November and December, 1929, and January, February, March and April, 1930, at $30.00 per month. The defendant had been occupying the building as a retail drug store for several years prior to September, 1929, at a monthly rental originally of $50.00, finally reduced to $30.00, payable in advance. The plaintiff, through its agent, S. C. Campbell, had known for some months prior thereto that defendant intended to vacate the leased premises as soon as a building, which it was erecting close by for the conduct of its business, was completed. As its building neared completion, the defendant, on September 3, 1929, advised the plaintiff by letter as follows: "You will find enclosed check to cover rent for the month of September, 1929, at the expiration of which month we will vacate the room we now occupy." To which the plaintiff, through its said agent, S. C. Campbell (as it claims), on September 5, 1929, replied: "Your communication of the third received as regards your vacating store room. Please be advised that according to the date of the notice you will on October 1, 1929, owe that month's rent." On the 31st day of October, the defendant moved from the leased premises into its own building, which had been completed, and the following day advised the plaintiff by letter: "We vacated your room last night. You will find enclosed the key." There was no further communication between the parties until December 12th when Campbell wrote defendant: "We herewith hand you invoice for November 1929 and December 1929 rent for store room at Cabin Creek which you are renting from us. Please let us have your remittance of $60.00

covering this rent so we can get in the current year's business. *Wishing you success in your new location* and thanking you in advance for your remittance, we remain, yours very truly.'' Before or after writing the last letter, plaintiff endeavored to rent the property to others. Defendant denies receiving the letter of September 5th, but avers that it did receive one from plaintiff about September 15th, stating it would be required to pay the rent for October unless it vacated the premises before the first of that month. Campbell testified that he had no recollection of writing the alleged letter of September 15th.

Defendant contends that the tenancy terminated on its vacation of the premises October 31, 1929, while the plaintiff insists, under the ruling of *Arbenz* v. *Exley, Watkins & Co.,* 57 W. Va. 580, 50 S. E. 113, that it still continues because of the failure of defendant to give plaintiff thirty days' notice of its intention to quit at the close of some monthly period. The *Arbenz* case enunciates a very strict doctrine, going to the extent, in the opinion, of saying that the re-renting of the premises by the landlord after the surrender by the tenant, in the absence of the required notice of his intention to quit, will not have the effect of discontinuing the tenancy. Neither of the cases of *Merrill* v. *Willis,* 51 Neb. 162, and *Schuisler & Donnell* v. *Ames,* 16 Ala. 73, cited, support so extreme a principle.

Regardless of the soundness of the decision in the *Arbenz* case, abandonment by the tenant acquiesced in by the landlord dispenses with the necessity of notice from the tenant, and such acquiescence may be implied from the conduct of the parties. 35 C. J. 1116; *Mullens Realty etc. Co.* v. *Klein,* 85 W. Va. 712 102 S. E. 677. We are of opinion that the manner in which the defendant attempted to terminate the tenancy was acquiesced in by the plaintiff. It is admitted by both parties that the plaintiff responded to defendant's letter of September 3, 1929, the dispute being confined to the time and contents of the reply. Concede the contention of the plaintiff. Its reply of September 5th, considered in the light of the expected vacation of the premises by the defendant upon the completion of its building, fairly implied that

defendant would be required to pay rent only for October unless it remained in possession thereafter. This implication is strengthened by failure of plaintiff promptly to demand rent for November, the statement in its letter of December 12th, wishing defendant success in its new location, and further recognition of defendant's surrender of the premises by attempting to rent the same to others. Whether the plaintiff is entitled to rent for November and December, 1929, (as it finally insists), or not, the amount involved is insufficient to confer jurisdiction upon this Court.

The judgment of the circuit court is affirmed.

*Affirmed.*