GEORGE W. JOHNSTON, APPELLANT, v. LOUIS R. JACKSON ET AL., APPELLEES.

FILED JULY 19, 1935. No. 29328.

*Edward F. Leary,* for appellant.

*Shotwell, Monsky, Grodinsky & Vance, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MESSMORE and REDICK, District Judges.

MESSMORE, District Judge.

This is an appeal from the district court for Douglas county, wherein the case was tried to the court without the intervention of a jury. That court entered its judgment against plaintiff, appellant herein, and for the defendants, appellees herein, from which judgment this appeal is taken.

The action is one for rent. The affirmative defense is upon the proposition of the reentry of the premises in question by the landlord, appellant. The facts are stipulated and may be summarized as follows: Appellant became the owner of the interest of E. R. Deputy in the lease in question, and from September 8, 1924, to September 11, 1931, appellees, partners under the name of Jackson Mattress Company, carried on the business of the manufacture and sale of mattresses, occupying the entire fifth floor of the building located at the southeast corner of Eleventh and Howard streets, Omaha. On September 11, 1931, appellees were adjudged bankrupts in the district court of the United States, for the district of Nebraska, Omaha division, and thereafter, on December 1, 1931, were regularly discharged as such bankrupts by said court. Appellees did not pay appellant rent for said premises for the month of September, 1931, amounting to $100, and since

said date made no payments of rent to appellant. Appellees never exercised authority over or carried on any business on the premises after September 11, 1931. On September 12, 1931, G. P. Horn was appointed receiver for said bankrupts and the keys to said premises turned over to an agent of the said Horn by appellees and a receipt taken therefor. On October 23, 1931, the said Horn was appointed trustee in bankruptcy of said appellees, and on September 28, 1931, a sale at auction of all the machinery, equipment, furniture, fixtures and stock of said bankrupts was held by said receiver and the property purchased by one Alfred Borchman, which sale was confirmed on October 5, 1931. Appellant had full and complete knowledge of said bankruptcy proceedings and was paid the sum of $125 for rent of said premises during the period they were occupied by the receiver and trustee in bankruptcy and was also paid rent by the said Borchman in the sum of $83.85 on October 27, 1931, through his rental agents, Tukey & Sons, for the period ending November 1, 1931. In the month of October, 1931, the said Borchman gave written notice to appellant that he would on or about December 1, 1931, leave and vacate said premises, and did vacate them on or about November 17, 1931, and tried to settle his rent due appellant for the amount which would have accrued prior to the date he vacated the premises, but appellant, through his agents, insisted that Borchman was obligated to pay rent for the full month of November, 1931, because he was a tenant from month to month and required to give 30 days' notice prior to the first of the month, and thereafter, on December 10, 1931, Borchman paid to appellant through his said agents, Tukey & Sons, the sum of $100 as rental for said month of November, 1931. From and after December 1, 1931, appellant had full and complete control over the premises in question and made diligent effort to relet the same, but said premises remained entirely unoccupied from December 1, 1931, to October 31, 1932, and appellant received no income whatsoever therefrom during said period. At all times

during the months of September, October, November, and December, 1931, Tukey & Sons, agents of appellant, were in full charge of the rental collections from said premises. Appellant credited to appellees' account the rental payments of $125, $83.85 and $100 paid as above set forth.

The question as to the future rents under the lease being a provable claim in bankruptcy is not in issue in this case, as that defense has been abandoned by appellees, since it is conceded that such a claim for rents is not a provable claim in bankruptcy. *Manhattan Properties v. Irving Trust Co.*, 291 U. S. 320.

Appellant contends that the holding of this court in *Merrill v. Willis*, 51 Neb. 162, is decisive of the instant case.

Appellees contend that the sole issue to be decided is whether or not under the statement of facts as above outlined appellant can collect rent from them for the 11 months during which appellant failed in his efforts to rent the premises again, under the theory of the reentry of the landlord terminating the lease.

One provision of the lease is as follows: "Provided always, and these presents are upon the condition, that if such rent or any part thereof shall at any time be in arrears or unpaid, or if the parties of the second part shall at any time fail or neglect to perform or observe any of the covenants, conditions or agreements herein contained on the part of said parties of the second part to be performed and observed, or if the parties of the second part shall become bankrupt or insolvent, or shall compound with creditors, then in any such case it shall be lawful for the party of the first part or any person or persons duly authorized by said party of the first part in that behalf, without any formal notice or demand, to enter into and upon said demised premises, or any part thereof in the name of the whole, and the said premises peaceably to hold and enjoy thenceforth as if these presents had not been made, without prejudice to any right of action or remedy of the said party of the

first part in respect to any antecedent breach by the said parties of the second part of any of the covenants hereinbefore contained."

Under the facts in this case, appellees contend that this is exactly what appellant did by accepting the rent from the trustee in bankruptcy and from the purchaser of the bankrupts' stock; that he reentered the premises and released appellees from any obligation to pay the remaining rent due under said lease.

There is nothing in the record to show that appellant intended to or did reenter the premises and thereby relieve appellees of their obligation under the lease to pay the stipulated rental. Appellant did nothing more than to try to keep the lease alive under the circumstances. Under the trustee's possession, which ensued as a matter of law, appellant took the rents accruing, crediting them to appellees' account. The purchaser at the sale in bankruptcy took about 30 days to remove the property purchased from the premises and appellant collected the amount of rent due from him for such term, as outlined. Thereafter, until the end of the term, appellant, having full charge and authority over the premises in question, received no income of any kind or nature therefrom.

In the case of *Merrill v. Willis, supra,* this court held that a landlord, upon abandonment of the demised premises by the tenant, is not required to relet them for the protection of the latter, but may, at his election, suffer the premises to remain vacant and recover the rent for the remainder of the term by means of an action on the lease. The following is from the opinion of Post, C. J., in that case: "The rule * * * is that the landlord may in such case, at his election, relet the premises upon the abandonment thereof by the tenant, in which case the measure of his damage will be the agreed rental less the amount realized on account of such reletting; or he may permit the premises to remain vacant until the end of the term, and recover his rent in accordance with the terms of the lease."

In the case just cited it is true that the lessor refused to accept the proffered surrender of the premises, but, being advised by the lessee of his intention to abandon the premises at once, notified the latter that he would look to him for payment in accordance with the terms of the lease, while no such notice appears in the instant case, which, appellees contend, distinguishes it from the case just cited. We believe it is not necessary under the circumstances of this case, nor is it required under the situation presented, for the landlord to seek out the tenant and serve notice as to what he intends to do. The holding in the case of *Merrill v. Willis, supra,* indicates that it is within the landlord's election. The tenants were in default of rent, which certainly did not increase their right in the premises. The burden of proof, under appellees' affirmative defense, was upon them to establish the same by a preponderance of the evidence. They have failed to show in this case, in our opinion, that the landlord resumed possession of the premises in question in pursuance of a right which the landlord reserved to himself. No other parties were dealt with, as far as the lease was concerned, except the trustee in bankruptcy and the purchaser of the bankrupts' stock, who removed the same from the premises shortly after the purchase. "To terminate a lease by the landlord his acts must amount to such interference with tenant's possession as to clearly indicate an intention on his part that the tenant shall not longer continue to hold the premises." *Hayward v. Ramge,* 33 Neb. 836. In the instant case we can draw no such conclusion from the affirmative proof offered by appellees in support of their contention of a reentry by the landlord.

For the reasons given in this opinion, we believe the action of the district court should be reversed and that court directed to enter judgment in favor of appellant and against appellees in the amount sued for.

REVERSED.