207 So.2d 143

**W. R. COBB**

v.

**Hampton D. LEE.**

**5 Div. 676.**

Court of Appeals of Alabama.

Feb. 6, 1968.

Jon Will Pitts, Clanton, for appellee.

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellant.

PRICE, Presiding Judge.

This was an action of assumpsit under the terms of a lease, for the recovery of

$1300.00 alleged to be due as rents. Defendant pleaded in short by consent the general issue. The cause was tried on issue joined on this plea. The jury awarded plaintiff the sum of $600.00, and defendant appeals.

Hampton Lee, the lessor, testified that in September, 1962, he leased to defendant, W. R. Cobb, the ground floor of a building in Montevallo, Alabama, to be used as a washerteria. The lease, introduced in evidence, was for a term of three years and provides for rent at the rate of $600.00 per year, payable at the rate of $50.00 per month in advance, beginning September 23, 1962. After the lease was signed the tenant occupied the premises and altered the building by taking out the partitions and installing a laundromat. The defendant paid rent through July 23, 1963, and then moved out of the building without notifying the lessor, and it was thirty days or more before Lee discovered the tenant had moved. He received no further rent. Defendant's attorney sent a check with a letter requesting that the lease be terminated, but plaintiff returned the check and refused to terminate the lease. Under the terms of the lease there was $1300.00 due for rent: five months in 1963; 12 months in 1964 and 9 months in 1965, totaling 26 months at $50.00 per month. On cross examination, plaintiff testified he received the key to the premises by mail from defendant's attorney in a letter dated November 9, 1963. Three or four months after receiving the key plaintiff had a "For Rent," sign posted on the building. He did not place an advertisement in any of the county papers. He talked to the person in charge of the V F W property, talked by telephone with a Mr. Cline in Tuscaloosa and contacted others about renting the property. He had hoped to rent it for a laundromat because the colored people needed it. After he saw he couldn't get this laundromat he just started looking for a tenant. At the time of trial, November 11, 1965, the premises had not been rented since they were vacated by Mr. Cobb.

Mr. Joe G. Burnett a practicing attorney at the local bar, admitted to the Bar of the State of Alabama for over twenty-two years, testified in his opinion that a reasonable attorney's fee for bringing the action in this case would be Three to Four Hundred Dollars.

The defendant, W. R. Cobb, testified he entered into the lease with Hampton Lee and rearranged the premises by taking out the partitions, and putting in a water main costing about $80.00. He operated a laundromat and paid the rent through July, 1963. He vacated the building about the 1st day of August, 1963, and gave the key to his attorney to return to plaintiff. He did not contact Hampton Lee and after he moved his machines out he never went back in the building for any purpose. He never tried to rent the building for himself or anyone else.

As is stated in appellee's brief, the cause was submitted to the jury on the issues of whether or not there was an abandonment of the premises by the lessee and an acceptance thereof by the lessor in such manner as to terminate all further liability of lessee, and on the question of use and occupation for the claimed period, with instructions that if they found for the plaintiff under count one of the complaint he would be entitled to an attorney's fee, and if under count two, plaintiff would not be entitled to an attorney's fee.

Appellant assigned as error the overruling of his motion for a new trial on the grounds that the verdict was contrary to the law and the evidence; that there was no evidence upon which the jury could base a verdict of $600.00, as was rendered in this case.

Appellant's contention for a reversal of the judgment rendered against him is set out in counsel's brief as follows:

"The errors complained of are two. First: that there was no evidence in the case to support the verdict of $600.00; that the evidence for the appellant was

that the premises were abandoned by the appellant and surrendered to the landlord, the appellee, who accepted the building, which action amounted to an eviction of tenant, terminating the contract; the theory of the appellee being that he did enter upon the premises but not for his own beneficial interest, but that of the tenant and that there was no eviction of the tenant; that the contract of rental was not determined; the jury found for the plaintiff and rendered a verdict of $600.00, but under the pleading, the issues, the evidence, the charge of the Court, the verdict of $600.00 was not sustained, as the evidence as to the balance of the term of the lease was undisputedly $1300.00, and no theory of the case supported a verdict of $600.00, which was clearly a compromise or arbitration between the two contentions. The second error being that the complaint alleged that demand was made for the rent and the Court charged the jury in its oral charge that the plaintiff to recover had the burden of proving that there was a demand, and the evidence is undisputed that no demand was made upon the appellant, who was entitled to the affirmative charge."

Appellant mainly relies for this insistence on the case of S. D. Winn Cigar Co. v. Wilson, 35 Ala.App. 466, 48 So.2d 64. In that case the plaintiff sued for a pro rata share of a $750.00 yearly bonus, payable as additional compensation under a contract of employment. The plaintiff had worked for six months under said employment contract, when he was discharged.

The court instructed the jury that if they found for the plaintiff they must determine the amount of the award on the basis of the number of months plaintiff worked. The jury assessed plaintiff's damages at $312.50. The defendant filed motion for new trial on the grounds that the verdict was contrary to the law and the evidence: that the verdict of $312.50 could not be justified by any reasonable hypothesis of the evidence, and was an obvious attempt to arbitrate or compromise; and that the verdict was contrary to the oral charge of the court.

This court, in an opinion by Harwood, J., stated:

"The monthly pro rata share of the bonus of $750.00 per year would amount to $62.50 per month. Indisputably the plaintiff was employed for at least six months. If entitled to damages it would appear that such damages would be at the least $375.00.

"While finding for the plaintiff on the issue of the contract the jury in the face of the clear and express instructions of the court as to the amount they would have to fix in the event the verdict was in favor of the plaintiff nevertheless assessed such damages at $312.50.

"It is of course well settled that where damages are unliquidated, a defendant can not complain that the amount of damages awarded are inadequate.

"However, where the issue is contract, or no contract, and the jury finds the contract to exist, which by its terms definitely, specifically, and unalterably fixes the amount of damages due for breach thereof, then a considerable number of jurisdictions, including Alabama, hold to the view that the unsuccessful party may successfully assert such inadequacy as prejudicial error."

■ The S. D. Winn Cigar case, supra, can reasonably be distinguished from the instant case. In this case the damages were unliquidated. We cannot say that the verdict here was against the evidence or the law or that it was contrary to and in disregard of the instructions of the court as to the measure of damages.

In Rice v. Dudley, 65 Ala. 68, 70, the court held:

"Where a tenant abandons the premises leased, before the expiration of the term the landlord is at liberty to pursue either

of two courses. He may suffer the premises to remain vacant, and sue on the contract of renting; or he may enter, and determine the contract, claiming the rent due up to the date of abandonment— Crommelin v. Thiess & Co., 31 Ala. 412; Schuisler & Donnell v. Ames, 16 Ala. 73."

 Whether there has been an abandonment by the lessee and an acceptance by the lessor of the leased premises is a question of the intention of the parties. It may be evidenced by an express agreement or it may be implied from the acts and conduct of the lessor indicating his acceptance of the abandonment. The question of the intention on the part of the lessor to accept the lessee's abandonment of the property and to terminate the lease is generally a question of fact to be determined by the jury from the evidence adduced at the trial. The trial court so instructed the jury.

The suit was brought on October 15, 1964, under the acceleration clauses in the lease contract. In Maddox v. Hobbie, 228 Ala. 80, 152 So. 222, the court said:

"It is but proper to here say that, if the complainants collect, under this acceleration clause, the full amount due them for the entire term of the lease contract, the respondent, in that event, would be entitled to hold and enjoy the premises during the period of the lease. The complainants would not be entitled to the rent in full and at the same time be allowed to dispossess the defendant and reenter the premises.

"In the event the lessor should exercise his right to terminate the lease, as the contract, in certain contingencies gives him the right to do, he should not be allowed to collect rent beyond the time the lessee is allowed to remain in possession."

The plaintiff was not entitled to a judgment for the full amount of $1300 alleged to be due under the lease if the jury found the lease had in fact been terminated before the full amount of rent under the contract was due.

It does not necessarily appear in this case that the verdict was the result of a compromise. Mozley v. Boen, 41 Ala. App. 596, 143 So.2d 304. That the amount of the verdict was less than it should have been, if such was the case, is no ground of complaint by defendant. Locascio v. Barber, 17 Ala.App. 595, 87 So. 703, cert. den., 205 Ala. 86, 87 So. 704.

We find no merit in appellant's claim of error that he was due the affirmative charge because the evidence shows there was no demand for payment of rent. The lease contained a provision expressly waiving demand for payment and we are of opinion no demand was necessary under the facts shown herein. Moreover, there is nothing in the record to indicate that the trial court's attention was called to the alleged variance between the averment of the complaint that demand for payment was made and the failure of proof of such demand. Under Circuit Court Rule 34 the trial court could not be put in error for refusing the general affirmative charge on account of a variance not specially brought to its attention.

The judgment is affirmed.