# Jebeles & Colias Confectionery Co. v. O'Byrne.

## Assumpsit.

(Decided February 4, 1913.  60 South. 984.)

1. *Landlord and Tenant; Forfeiture; Surrender.*—Where the lease provided for the erection of a building by the tenant, and for his maintaining the building on good repair, subject to the right of the lessor to terminate the lease before the expiration of the term upon default of the covenant to repair, it was as much the duty of the lessee to surrender the possession of the premises and deliver them in repair upon a forfeiture under its terms as it was to do so at the expiration of the lease.

2. *Same; Covenant; Expiration.*—Where the lease obligated the tenant to maintain the premises in good repair, and authorized a termination of the lease upon his failure, the fact that the tenant had sublet the premises to the end of the term is immaterial to the right of the lessor to terminate; the sub-tenant being chargeable with knowledge of the contents of the original lease.

3. *Same; Repair; Notice.*—Where a lease obligated the tenant to maintain the premises in good repair and authorized the lessor to terminate the lease upon his failure in this regard, the tenant is not entitled to notice of the needed repair.

4. *Same; Covenant; Breach.*—Where the lease obligated the tenant to maintain the premises in good repair and authorized the lessor to declare a forfeiture upon a breach, the lessee is not, upon termination, entitled to then enter and make repairs so as to save himself from an action for breach of covenant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. H. A. COLEMAN.

Action by the Jebeles & Colias Confectionery Company against T. W. O'Byrne. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following are the pleas referred to: "(3) As an answer to the third, fourth, and fifth counts, defendant says that he is the tenant of said premises under and by virtue of a lease with Mary F. Robertson, as alleged by plaintiff in this complaint, and on, to-wit, the 1st day of January was in possession of said premises, and then and there let said premises to Frank Krelhaus for the term of two years, and until the end of his term, and that by virtue of said demise to the said Frank Krelhaus, the said Krelhaus forthwith entered into possession of said premises, and let the same to P. W. Shields and Will Ross, and that by virtue of said demise, they were in possession of said premises on, to-wit, the 18th day of March, 1908, and so continued in possession until they voluntarily quit the said premises, and that immediately this defendant was advised of the lack of repairs upon said premises, he employed competent, licensed workmen, to make the repairs, but the workmen so employed by him were driven from the premises by

[Jebeles & Colias Confectionery Co. v. O'Byrne.]

the plaintiff, and refused admittance to the same, and were threatened with arrest if they attempted to enter the said premises, and that the condition of unrepair continued during the time complained of through the refusal of plaintiff to allow the repairs to be made on the premises." (5) States the facts as in 3, and adds that "on, to-wit, the 18th day of March, the said subtenants of Krelhaus were in the actual possession of said premises when the plaintiff entered upon the possession of said tenants and terminated the lease of defendant, and the term which defendant had given to said Krelhaus, and the terms which the said Krelhaus had given to his subtenants, and that, although this defendant was under covenant to make repairs on said premises when needed, yet the term of defendant in said premises did not expire otherwise than by forfeiture until the 31st day of December, 1909, otherwise than by forfeiture claimed by the plaintiff, and plaintiff so entered upon said premises as aforesaid and terminated defendant's term, and that of said Krelhaus and the terms which he had given to his sub-lessee as for a forfeiture of defendant's term for breach of his covenants of repair, and that plaintiffs did this without notice to defendant of needed repairs, and refused to allow defendant to make needed repairs, although this defendant offered to make the same, and was ready, able, and willing to make the needed repairs as lessee of the plaintiff."

C. B. POWELL, for appellant. The court properly construed the lease as formerly construed by the Supreme Court in the case of *O'Byrne v. Jebeles & Colias Confectionery Co.,* 165 Ala. 183. But the court erred in holding that the special pleas were good as an answer to the complaint.—*Brock v. Desmond & Co.,* 154

Ala. 634; *Long v. Grant,* 163 Ala. 507. The tenant held over and is liable for use and occupation.—*Grady v. Ibach,* 94 Ala. 152; *Fielder v. Childs,* 73 Ala. 567; *Bethea v. Bethea,* 139 Ala. 505. It is only in cases where the original entry was as a trespasser that the action will not lie.—*Powell v. New England Co.,* 89 Ala. 490.

A. LATADY, for appellee. No brief reached the Reporter.

THOMAS, J.—This case is another branch of litigation between the same parties, growing out of and involving the same lease contract and the same breach and forfeiture thereof as was considered in the case of *O'Byrne v. Jebeles & Colias Confectionery Co.,* 165 Ala. 185, 51 South. 633, to which reference is made for fuller particulars. After the termination of that suit, this one was brought by appellant, who is the assignee of the lessor, against appellee, who is the lessee, for a breach of the covenant, contained in the lease contract mentioned, to keep and deliver in repair the building, which was erected by the lessee on said premises under and in pursuance of the requirements of said contract.

There are other counts in the complaint, but the assignments of error here are such that our consideration may be limited to the fifth count, dealing, as it does, with the matters aforesaid. The count, which we here condense, alleges, in substance, that the lease contract was made and entered into on December 30, 1899, by and between Mary Robertson, the then owner of the lot described, and the defendant, O'Byrne, whereby the said lot was leased to the defendant for a period of 10 years, commencing on the date mentioned, upon consideration that defendant was to pay $20 per month

during the term, and erect on the lot a two-story brick building of certain dimensions, and to maintain and keep the same in good repair, etc., and to deliver the same to the lessor in good repair upon the termination of the lease, which was subject to forfeiture and termination before the expiration of the period named upon certain defaults of the lessee particularly set out; that since the execution of the lease and the taking possession thereunder by the defendant, the said Mary Robertson had conveyed to plaintiff said premises with warranty of title and seisin, whereby it became lessor in her stead, and that, although it had faithfully kept all the terms and provisions of the contract, the defendant had breached the covenant to keep said building in repair, and had allowed it to become greatly out of repair (specifying many serious particulars); that on the 18th day of March, 1908, plaintiff gave notice to the defendant of the termination of, and then terminated, the lease, under its terms and powers so providing (stating them), for defendant's failure to keep the premises in repair; that plaintiff then, upon such termination, attempted to enter possession of the premises, and did obtain possession of a part of the premises, but was prevented by the force of defendant from obtaining possession of the remainder of the premises until February 15, 1909.    The count then, after other allegations immaterial to the inquiry here, concludes with a claim for damages for a failure to keep the building in repair on said March 18, 1908, when the lease was terminated.

It will be observed that, but for the forfeiture by defendant and the termination by plaintiff of the lease on account thereof, on said March 18, 1908, in the doing of which the plaintiff was sustained by our Supreme Court in *O'Byrne v. Jebeles & Colias Confectionery Co.,*

*supra,* the lease would not have expired until December 30, 1909, 10 years from the date of its execution. However, when the lease was terminated by plaintiff on March 18, 1908, for cause therein provided, it was as much the duty of the defendant to surrender the possession of the premises, and to deliver them in repair, as it would have been at the end of the 10 years, when the lease expired by efflux of time. This was no less a termination and end of the lease, under and by its very terms, on account of the forfeiture, than that would have been had there been no forfeiture.

The fact that the defendant had sub-let the premises to the end of the 10-year period is immaterial, for the undertenant is chargeable with knowledge of the contents of the original lease, and his right to possession, so far as plaintiff is concerned, terminated when defendant's right thereto terminated.—*Brock v. Desmond & Co.,* 154 Ala. 636, 45 South. 665, 129 Am. St. Rep. 71. Furthermore, the defendant could not relieve himself of the consequences of his breach of the contract in failing to keep the premises in repair, or deliver them in repair, by offering and attempting, after the breach and after the plaintiff had terminated the contract under its term on account of such breach, to put the premises in repair. His right to perform the contract had ended with the contract, and the plaintiff was under no duty after that to permit him to carry it out.—6 May. Dig. p. 189; *Danforth v. Tennessee & C. R. Co.,* 93 Ala. 620, 11 South. 60; *McTighe & Co. v. McLane,* 93 Ala. 626, 11 South. 117. If he had kept and maintained the premises in repair, as he contracted to do, they could have been delivered to the plaintiff in repair on any day and at any time. Defendant cannot, therefore, rightfully complain that he did not have time, between the termination of the contract of lease and the demand by

plaintiff for possession of the premises, to put them in repair for delivering, nor legally insist that plaintiff should have allowed him after that an opportunity to do so, when his contract bound him to keep them in repair all the time, and deliver them in repair at the termination of the lease—which event, under the contract itself, might occur at any time before the expiration of the 10-year period, at the option of the plaintiff, upon failure of defendant to keep the premises in repair.

Nor was it the duty of the plaintiff during the existence of the lease to give defendant notice of needed repairs, nor make demand that they be made; for plaintiff was not in possession, but the defendant was, either himself or through his sub-tenants, with abundant opportunities, far exceeding those of the plaintiff, to discern the waste, as it constantly and naturally developed from the use of the premises, from time and decay, and to daily see and know what repairs were needed to prevent it.

We are, therefore, of opinion that plaintiff's demurrers to the third and fifth pleas of the defendant, which the reporter will set out, should have been sustained, and that there was error in overruling them. Hence the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.