This case involves a lease and the abandonment of the leased property.
The defendants (lessees) contend that the lessor should not have recovered a judgment against them because he admittedly failed to abide by the following provision contained in the signed written lease of the parties:
 That in the event either party hereto defaults in carrying out any of its covenants and agreements herein contained for a period of thirty (30) days after written demand for compliance has been made, such default shall, at the options of the party not in default, terminate this lease.
Ordinarily such a requirement is construed by the courts to be a condition precedent, and compliance therewith must be averred and proved by the party seeking to forfeit a lease. A landlord is not entitled to a reentry of the premises and a forfeiture of the lease because of his tenant's breach of the lease if the landlord fails to plead and prove a compliance with such a default and notice lease provision as a condition precedent. Noel Smith Development Company v. NationalFiltronics, 360 So.2d 338 (Ala. 1978).
In the judgment rendered in favor of the plaintiff, among other findings of fact, the trial court ascertained that the defendants had abandoned the building. The evidence in that regard was in conflict, but there was evidence supportive of the trial judge's conclusion. Since the circuit judge personally heard the evidence, the judgment is presumed to be factually correct and we cannot disturb it unless it was clearly and palpably wrong. Ryals v. Laney, 338 So.2d 413
(Ala.Civ.App. 1976).
When, before the end of the term of a lease, the tenant abandons the leased premises, the landlord, at his election, may either allow the property to remain vacant and sue on the lease rental agreement for his rent, or he may reenter the premises thereby terminating the lease with the right to sue for any breach of lease damages accrued to the termination date. Rice v. Dudley, 65 Ala. 68 (1880); Ryals v. Laney, supra;McClure v. Daniel, 45 Ala. App. 558, 233 So.2d 500 (1970). The second alternative, *Page 140 
the relinquishment of possession by the tenant and the resumption of possession by the landlord, operates, generally, as a surrender by operation of law; and, thereafter, both parties are released from liability on all lease requirements which are dependent upon the continuance of the lease term and which have not become actionable by maturing before the acceptance by the landlord of the abandonment.
Generally, the abandonment of released property by a tenant and the reentry thereon by the landlord ends the lease. Rice v.Dudley, supra; Schuisler Donnell v. Ames, 16 Ala. 73 (1849);McClure v. Daniel, supra. In this case, the trial judge expressly found that the lessees had abandoned the leased building, and there was no question but that the landlord entered the premises and resumed the beneficial use of the property. This terminated the lease, including the provision above copied. Since the lease was ended, the law did not thereafter require the landlord to comply with that lease provision. The lease was forfeited by operation of law, and it was no longer a prerequisite that he plead and prove that he had given the prescribed notice in order to end the lease. The landlord reentered the property by reason of the abandonment and not under the lease's forfeiture provisions. Had there been no abandonment, it would have been necessary for the landlord to have complied with the lease provisions before the lease could have been validly forfeited. However, in this case, a surrender of the premises occurred by operation of law and the lease was thereby forfeited.
Abandonment of the property by the lessees and acceptance of the abandonment by the lessor were questions of fact to be determined by the trier of facts. San-Ann Service, Inc. v.Bedingfield, 293 Ala. 469, 305 So.2d 374 (1974); McClure v.Daniel, supra; Ryals v. Laney, supra; Cobb v. Lee, 44 Ala. App. 277, 207 So.2d 143 (1968). Here the trial judge conducted a non-jury trial and decided adversely to the lessees. Some of the contested evidence supported the trial court's finding of facts. After giving due regard to the presumption of correctness, we cannot say that his decision was clearly and palpably wrong.
The judgment entered for the plaintiff and against the defendants was in the amount of $3,400. The evidence is highly suggestive that such amount was ascertained by adding $2,730 which was paid by the landlord to a building contractor to make repairs to the building, and $680, which was paid by him for painting a portion of the structure. The lease provided that the tenants would repair all damages caused by them other than the normal results of their use. Even though the surrender by operation of law occurred before the end of the term of the lease, it was the duty of the lessees, upon abandonment thereof, to leave the building in the same state of repair as it should have been had the lease expired by the lapse of time.Jebeles Colias Confectionery Co. v. O'Byrne,7 Ala. App. 213, 60 So. 984 (1913). The tenants left the building in a bad state of repair; hence, the landlord could recover for such damages. The judgment was properly responsive to the correct measure of damages.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 141