Plaintiff, Jai M. Kutack, appeals from a summary judgment granted to defendant, Winn-Dixie Louisiana, Inc., in a negligence action. We reverse and remand.
Plaintiff filed suit against Clifford M. Nunnally and Winn-Dixie after sustaining personal injuries in an automobile collision which occurred on February 18, 1979. The complaint alleges that "Clifford M. Nunnally . . . and the owner [Winn-Dixie] of the motor vehicle being operated by Clifford M. Nunnally on that occasion, negligently caused or allowed the motor vehicle to collide with an automobile in which the plaintiff was riding as a passenger." At the time of the accident, Nunnally and his spouse were returning to their home in Baldwin County, Alabama, from a social function held at the Mobile Municipal Auditorium, i.e., a Mardi Gras ball.
On December 12, 1980, defendant Winn-Dixie filed its motion for summary judgment accompanied by an affidavit from its co-defendant and employee Nunnally in which he stated that he was not working at the time of the accident nor was he on any form of errand for his employer, Winn-Dixie. Plaintiff did not offer any additional evidence to rebut the affidavit, though discovery materials in the form of answers to interrogatories and requests for admissions were already before the court. On September 3, 1981, the trial court, after reviewing the pleadings, interrogatories, requests for admissions and affidavit, entered summary judgment for defendant Winn-Dixie.
Under Rule 56, Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.Bryant v. Morley, Ala., 406 So.2d 394 (1981). All reasonable inferences from the facts are viewed most favorably to the non-moving party, and the moving party is required to establish that the other party could not recover under "any discernible circumstances." Woods v. Commercial Contractors, *Page 139 Inc., Ala., 384 So.2d 1076 (1980). This burden upon the movant is substantially increased by the scintilla rule which requires that a summary judgment not be granted and that a factual question be submitted to the jury if there is a mere gleam, glimmer, spark, the least bit, or the smallest trace of evidence in support of the non-moving party. Ex parte BagbyElevator Electric Co., Inc., Ala., 383 So.2d 173 (1980).
We agree with plaintiff that defendant Winn-Dixie failed to sustain its burden of showing that plaintiff could not recover from it under any discernible set of circumstances; therefore, the granting of summary judgment was improper. The question of agency is one of fact. Wood Chevrolet Co., Inc. v. Bank of theSoutheast, Ala., 352 So.2d 1350 (1977). We find at least a scintilla of evidence in support of plaintiff's claim that Nunnally, the employee, was acting within the line and scope of his agency relationship with his employer, Winn-Dixie, at the time of the accident in question. For example, Nunnally was asked the following interrogatory:
 "5. Describe fully the policy of your employer regarding the use of the car by its employees as of the date of the collision."
Nunnally responded:
 "5. Vehicles are furnished to accomplish company business only."
And, when Winn-Dixie was asked the following interrogatory:
 "3. Did your policy, whether formal or informal, of allowing Mr. Clifford M. Nunnally use of the car to transport non-employees to social functions change in any respect after the date of the collision? If so, describe fully any such change."
Winn-Dixie responded as follows:
 "3. Winn-Dixie's policy is that company cars are to be used for company business by employees only."
In response to further interrogatories, Winn-Dixie stated that Nunnally is allowed use of the company car for business purposes and is reimbursed for all expenses incurred while using the car.
Defendant contends that the answers to interrogatories relied upon by plaintiff, without any further proof in the form of depositions or affidavits, are insufficient to create a material issue on the question of agency. We respectfully disagree. Under Alabama law, as well as that of federal courts, a trial court pursuant to Rule 56 may properly consider any
material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for summary judgment. Fountain v. Phillips, Ala., 404 So.2d 614 (1981).
Defendant failed to adduce any material showing that it was entitled to judgment on the issue of agency as a matter of law. The summary judgment is hereby reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ALMON, JJ., concur.