This is an appeal from the granting of a motion for summary judgment in favor of appellee, Mallard Exploration, Inc.
The original plaintiffs in this action — Billy R. Jordan, George W. Hauer, Sharon G. Davis, Bruce Hammonds, and Calvett Pettis — filed a complaint on December 3, 1980 against Mallard Exploration, Inc., alleging that the company had breached a permanent employment contract. A jury demand accompanied the complaint. In essence, the employees alleged that they had been promised permanent employment with Mallard Exploration, Inc., that they had given up other gainful employment to come to work for the company at its Big Escambia Creek treatment facility, and that they were dismissed without cause. The employees sought $10,000 in damages. Subsequently, Peggy Timothy was added as a plaintiff and Calvett Pettis was dismissed. Mallard answered by denying that the employees had been wrongfully terminated and filed a motion for summary judgment. In an order dated December 21, 1981, the court granted Mallard's motion for summary judgment, finding that no permanent employment relationship existed between the plaintiffs and Mallard and that even if there had been such a relationship, the plaintiffs were properly terminated because the company had ceased to do business in Alabama by June 1, 1979. Following a denial of their motion for rehearing, the employees have appealed to this court.
The facts in the instant appeal can be stated in a straightforward fashion: Mallard Exploration, Inc., a Texas corporation, was engaged in the business of exploring for and producing oil and natural gas. The company came to Escambia County in the 1970s where it subsequently established the Big Escambia Creek treatment facility to process impurities out of gas. Mallard operated the plant in conjunction with Exxon and various individuals but retained control over the day-to-day operations of the facility, including the hiring, firing, and supervising of all employees. Each of the employees who is an appellant in this case was hired by plant manager, N.W. Mitchell, and each continued to work for Mallard from the time of his hiring until the company ceased operations in Alabama on June 1, 1979. Each of the employees, with the exception of Sharon G. Davis, gave up other gainful employment to come to work for Mallard. On June 1, 1979 Mallard transferred its interest in the facility to Exxon, retaining only a three percent interest in the profits. The company subsequently sold this interest to Grace Petroleum retroactively as of January 15, 1980. By July 14, 1980 Mallard Exploration was dissolved as a corporation, and its assets were distributed to its shareholders.
The main thrust of the employees' argument in this court consists of the contention that Mallard's motion for summary judgment was improperly granted because they were promised permanent employment by plant manager, N.W. Mitchell. They further argue that they gave valuable consideration for their contracts when they left other employment to come to work for Mallard. They claim that Mitchell had the authority to offer permanent employment with the company and that their contracts were wrongfully terminated. Mallard answers these arguments by saying that Mitchell was not authorized to offer permanent employment with the company and that even if he had been given authority, the company had ceased to do business in Alabama by June 1, 1979. *Page 898 
Alabama case law has long recognized the existence of permanent employment contracts. Alabama Mills, Inc. v. Smith,237 Ala. 296, 186 So. 699 (1939). In National Union LifeInsurance Co. v. Ingram, 275 Ala. 310, 154 So.2d 666 (1963), our supreme court stated that two elements must be present before a contract of permanent employment will be found to exist. First, the employee must show that he has given some valuable consideration to the employer. Second, "where the promisor is a corporation, in the absence of ratification or estoppel, it must appear that the individual or individuals who acted on behalf of the corporation had actual, as opposed to implied, authority to bind the corporation." National UnionLife Insurance Co. v. Ingram, supra (citations omitted). It is also clear from Alabama decisions that when the employer knows that the employee relinquished other gainful employment to take the job, adequate consideration is present. Scott v. Lane,409 So.2d 791 (Ala. 1982); Alabama Mills, Inc. v. Smith, supra.
Once a contract of permanent employment has been formed, it "will be held to contemplate a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform the work satisfactorily." Alabama Mills, Inc. v. Smith, supra.
In granting Mallard's motion for summary judgment and finding that the plaintiffs were not permanent employees, the trial court stated:
 "Here there is a sufficient dispute of fact respecting the promise and the relinquishment with respect to all plaintiffs except Sharon Davis, but the evidence respecting actual authority fails."
The trial court also concluded that Mallard's termination of the employees was proper, stating that "even presuming that plaintiffs were permanent employees, the defendant did all that it was required to do under the law by retaining them as long as it had work available."
In reviewing the granting of a motion for summary judgment under rule 56, Alabama Rules of Civil Procedure, an appellate court must view the evidence in light of the scintilla rule which demands that where there is the smallest particle of evidence in favor of the nonmoving party, summary judgment is inappropriate, and the issue must be submitted to the jury. Exparte Bagby Elevator Electric Co., 383 So.2d 173 (Ala. 1980). The moving party bears the burden of proving that no genuine material issues of fact exist and that he is entitled to a judgment as a matter of law. Kutack v. Winn-Dixie Louisiana,Inc., 411 So.2d 137 (Ala. 1982). Applying this standard to the trial court's decision, we find that its decision to grant the motion for summary judgment was appropriate and must be upheld.
The depositions and interrogatories indicate, as the trial court found, that there was considerable dispute as to whether a valid promise of permanent employment had ever been made. The employees claim that Mitchell, the plant manager, represented to them that they would have a job with Mallard for life and that they all, with the exception of Sharon G. Davis, left other employment in reliance on his promises. Mallard answers by saying that Mitchell lacked the authority to hire employees on a permanent basis. While the record indicates that Mitchell had complete control over hiring and firing and the setting of salaries, our supreme court has said that a foreman, in the absence of a clear showing of such authority, ordinarily lacks the power to offer contracts of permanent employment. AlabamaMills, Inc. v. Smith, supra. Even assuming, however, that a promise of permanent employment was made and that Mitchell had the authority to make such a promise, the record before us indicates in a clear and uncontradicted fashion that Mallard had ceased to do business in Alabama by June 1, 1979. At that time the company terminated all of its employees in the state and turned over operations of the facility to Exxon. During prior negotiations Exxon had informed Mallard that any Mallard employees who were retained would have to meet Exxon's standards. Moreover, when Mallard sold its interest to Grace Petroleum, *Page 899 
profits were transferred retroactively to Grace. As the decision of Alabama Mills, Inc. v. Smith, supra, indicates, a contract of permanent employment will last only as long as the employer has work for the employee to do. Since Mallard had terminated its Escambia County operations by June 1, 1979 and was, in fact, shortly to be dissolved as a corporation, it had no work for the employees, and they were lawfully terminated.
For the foregoing reasons we find that there is no genuine issue of material fact in the instant case and that Mallard was entitled to a judgment as a matter of law. Thus, the trial court properly granted Mallard's motion for summary judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.