On June 15, 1984 AmSouth Bank, N.A., filed suit in the District Court of Mobile County, Alabama against Kenneth M. Salter and Timothy Dale Lowder, seeking recovery on a promissory note. The district court entered a judgment in favor of Lowder against the bank and a judgment in favor of the bank against Salter. Subsequently, Salter appealed to the circuit court and filed a counterclaim. AmSouth Bank then filed a motion to dismiss the counterclaim and a motion for summary judgment. The circuit court dismissed the counterclaim and entered a summary judgment against Salter for $1,781.31 plus costs. After Salter's motion to reconsider was denied, he appealed to this court.
The promissory note in question was executed on October 29, 1981 in the amount of $2,697.30 payable to AmSouth Bank. It was signed by both Salter and Lowder as comakers. The proceeds of the note were used by Lowder, Salter's employee, to finance the purchase of a 1975 Chevrolet Camaro from Salter. The Camaro served as collateral for the note. Only one payment was made to AmSouth before the makers defaulted. Subsequently, the bank repossessed and sold the Camaro, applying the proceeds to the balance due. After crediting the account for all payments and other offsets, AmSouth instituted the present action for the $1,443.46 deficiency balance that remained outstanding.
On appeal Salter contends that the trial court erred by dismissing his counterclaim and granting summary judgment to AmSouth. After reviewing the record as presented, we disagree and affirm the decision of the trial court.
A trial court's judgment comes to this court clothed in a presumption of correctness. Porter v. Porter, 441 So.2d 921
(Ala.Civ.App. 1983). When no provable set of facts under any cognizable theory of law entitling a party to recover under the *Page 929 
allegations of a counterclaim are discernible, a motion to dismiss for failure to state a claim for relief can properly be granted. Day v. AmSouth Bank, N.A., 472 So.2d 637 (Ala. 1985). For purposes of reviewing the granting of summary judgment, we must view the evidence in a light most favorable to the nonmoving party. Jordan v. Mallard Exploration, Inc., 423 So.2d 896
(Ala.Civ.App. 1982).
Salter's first contention is that he was not a comaker of the promissory note in question but merely an accommodation maker. He claims this status by contending that his only purpose in signing the note was to enable Lowder to purchase the Camaro. He contends, therefore, as an accommodation party, that a subsequent agreement between AmSouth and Lowder resulted in his release from liability on the note. We disagree.
Salter's name appears on the note as coborrower, and it is well established that all persons whose names appear on a promissory note as "makers" or "borrowers" are primarily and unconditionally liable. See, Opelika Production CreditAssociation v. Lamb, 361 So.2d 95 (Ala. 1978); 10 C.J.S. Billsand Notes § 37 (1938). Additionally, the original liability of a joint maker is not dependent on the liability of the other comaker. As between themselves, comakers occupy the relation of principal and surety but both are liable as principals to the holder of the note. Davenport Harris Undertaking Co. v.Roberson, 219 Ala. 203, 121 So. 733 (1929). Furthermore, the note in question contains the following notation:
 "Co-Borrowers. If you sign this agreement as a Co-Borrower, you are equally responsible with the Borrower for complying with all of the terms and provisions of this agreement. We don't have to notify you if the loan is in default."
Thus, even if AmSouth released Lowder of liability, Salter would still be liable, because the holder of a note may sue any comaker alone or jointly with other obligors. White v. Blair,234 Ala. 119, 173 So. 493 (1937); Ford Motor Co. v. Tindol,380 So.2d 904 (Ala.Civ.App. 1980).
Lastly, in regard to Salter's contention of release, we note that even if the court were to accept Salter's argument that he was entitled to the benefits of accommodation party status it is clear that he was still liable to AmSouth. First of all, under the law in Alabama, "an accommodation maker is bound on the instrument without any resort to his principal." Blake v.Coates, 292 Ala. 351, 294 So.2d 433 (1974). See, § 7-3-415, Code 1975. More importantly, however, even if Salter's allegations of a release were true Salter would not have been discharged, because the note itself expressly provides:
 "Enforcing Our Rights. We can delay enforcing any of our rights under this agreement without losing them. The fact that we waive our rights in one instance does not mean we will waive them in other instances. In addition, we may without notifying anyone, permit a change of terms, extend or renew the loan, or release or substitute collateral or any other person responsible for the repayment of this loan. If we do any of these, you will still be responsible on this agreement. All of our rights can be enforced against your heirs and legal representatives." (emphasis added)
Thus, based on the aforementioned provisions, we find that Salter, as a comaker of the note, waived his right to claim his own discharge. McBurnett v. National City Bank,142 Ga. App. 505, 236 S.E.2d 179 (1977). See also, Farmington National Bankv. Basin Plastics, Inc., 94 N.M. 668, 615 P.2d 985 (1980).
Salter's next contention is that AmSouth breached its duty by failing to include his name on the title to the vehicle. He argues that, due to this breach, he was excluded from having any immediate claim against the automobile in the event of any future default by Lowder. Salter has cited this court to no authority for his contention, and where this occurs, the effect is the same as if no argument has been made. *Page 930 Super X Drugs v. Martz, 51 Ala. App. 370, 286 So.2d 47 (1973). An appellant's contentions must be supported by authority and the reasons for the contentions. Rule 28 (a)(5), Alabama Rules of Appellate Procedure. Notwithstanding our inability to consider this contention by Salter, we note that in the sale of the automobile Lowder was the purchaser and Salter was the seller; Salter was never intended to be a purchaser-owner of the vehicle. Consequently, there was no reason for his name to appear on the certificate of title as an owner-purchaser.
Salter's third contention is that AmSouth had a duty to repossess the Camaro upon default by Lowder and that the failure by the bank to do so jeopardized his rights as a maker. He argues that this is especially true in light of his efforts to place AmSouth on notice that Lowder was destroying the vehicle. We find this contention to be without merit, because AmSouth had no legal obligation to repossess the Camaro at Salter's request. A secured party may repossess collateral anytime a note goes into default, at the secured party's own convenience. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11
(1917). See also, § 7-9-503, Code 1975. Furthermore, in the case at bar the note itself provides:
 "We are under no obligation to repossess the collateral if you default. At our option, we may pursue any of our other rights and remedies under this agreement or under any law. All our rights and remedies are cumulative and may be exercised by us successively or concurrently."
We also note that, because of this clause in conjunction with the aforementioned provision pertaining to "enforcement of rights," Salter was assured a right of recourse against Lowder pursuant to section 7-3-606 (2)(c) and section 7-3-415, Code 1975.
Finally, Salter contends that AmSouth damaged his reputation by issuing unjustified credit reports on him based on this transaction. After diligent search, we find nothing in the law which would prohibit a creditor from reporting facts to other potential creditors.
Finding no genuine issue as to any material fact precluding summary judgment, nor any cognizable cause of action to sustain Salter's counterclaim, we affirm.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.