INGRAM, Judge.
In this breach of contract case, the trial court held in favor of the sellers of the real estate and ordered the purchasers to pay the balance due on the contract. The purchasers appeal.
The record shows that James B. and Bobbie J. Woods (sellers) entered into an oral contract with Rickey and Sylvia Haygood (purchasers) to sell the purchasers a house owned by the sellers. The purchasers testified that the purchase price was $7,400. The sellers testified that the purchase price was $12,000 to be paid before the purchasers took possession. They were also to assume the mortgage.
At some point $6,000 was paid, and the purchasers moved into the house, apparently without the consent of the sellers. The sellers testified that an agreement was reached whereby the purchasers would pay the balance due on the contract in two installments of $3,000 each, plus interest at then prevailing rates, the payments to be due within approximately six months of the $6,000 payment.
The record is unclear, but it would seem that the purchasers paid approximately $800 in addition to the $6,000 payment.
Despite nonpayment of the alleged total purchase price, a deed was delivered to the purchasers. The sellers testified that they were having trouble meeting the mortgage payments and wanted the purchasers to pick up that obligation. The record shows that the purchasers began making the house payments after the deed was delivered to them.
After the parties had presented their cases, the trial court stated that it would call as its own witness the real estate agent who handled the transfer of the mortgage and the deed from the sellers to the purchasers. This witness was examined by the court in a hearing approximately one month after the original trial. Counsel for both parties were present at that hearing. They were given the opportunity to examine the witness. The witness testified that she did not handle the sale of the property itself, and although she might have been told, she could not remember what the purchase price was.
After these ore tenus hearings, the court found in favor of the sellers and ordered the purchasers to pay $6,000 to the sellers. This appeal followed.
The purchasers contend that the judgment is not supported by the evidence and that the court erred in calling its own witness.
In view of the presumption of correctness of the trial court judgment, we cannot hold the court erred in ruling in favor of the sellers. 2B Ala. Digest, Appeal and Error, Key No. 1008.1(6). There was evidence that the purchase price was $12,000. There was also testimony that the purchasers agreed to pay interest on the $6,000 unpaid balance of the contract. The court did not err in ordering the purchasers to pay $6,000. It is well settled that the true consideration for a deed may be shown by parol evidence. Moore v. Williamson, 213 Ala. 274, 104 So. 645 (1925).
Nor do we find reversible error in the court’s calling of its own witness after *527 the close of evidence. The witness was briefly examined and added nothing of substance to the existing evidence. She testified that the sellers “were getting, I think, a truck or something as equity or a mortgage on it, maybe.” She did not testify as to the amount of the purchase price of the house. The purchasers have not demonstrated any prejudicial effect of the court’s action sufficient to warrant reversal on this ground. American Furniture Galleries, Inc. v. McWane, Inc., 477 So.2d 369 (Ala. 1986).
The purchasers also contend that the allowance of further time to pay the remaining $6,000, or a discussion between Rickey Haygood and James B. Woods concerning payment of the sellers’ car payments, constitutes a novation of the original debt releasing Sylvia Haygood from the $6,000 judgment. The party alleging a no-vation has the burden of proving that such was the parties’ intention. Tuscaloosa Lumber Co. v. Tropical Paint and Oil Co., 211 Ala. 268, 100 So. 236 (1924). They have not done so here. The new terms of payment were merely a modification of the prior obligation. See 58 Am.Jur.2d Novation § 23, at 537-38 (1971). The court did not err on this ground.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.