L. CHARLES WRIGHT, Retired Appellate Judge.
This case involves the breach of a lease.
In October 1985 the Tabors (hereinafter referred to as “landlords”) entered into a written agreement to lease their house to Robert Thacker (hereinafter referred to as “tenant”) and his family. The tenant vacated the premises in May 1986, after the landlords notified him of the termination of his leasehold interest. In July 1986 the landlords filed suit, seeking to recover damages plus costs and attorney fees for breakage and damage to the leased property while under the tenant’s care.
The tenant answered and filed a counterclaim, seeking damages for fraudulent and false representations. After a hearing the court entered a judgment, finding in favor of the landlords on their complaint and assessing the damages and attorney fees at $5,113.64, plus costs. The court also found in favor of the landlords on the tenant’s counterclaim.
The tenant’s motion for a new trial was overruled. The tenant appeals.
In his first issue the tenant contends that the trial court failed to use the proper standard for determining the amount of damages. The tenant argues that the measure of damages should have been the difference between the value of the leased property immediately before and immediately after the injury.
The lease executed between the parties provided that no animal was to be kept or allowed in the premises; that the tenant was to keep the premises clean and sanitary at all times, including upon surrender; and that the tenant was to be responsible and reimburse the landlords for all breakage, loss, and/or damage to the landlords’ property while under the tenant’s care and use. Such a provision created a duty upon the tenant to leave the house in a good state of repair. See International Tool & Engineering Co. v. Sullivan, 389 So.2d 138 (Ala.Civ.App.1980).
There was evidence presented that the tenant’s dogs — two Dobermans and a Great Pyrenees — were allowed inside the house. Evidence also indicated that, among other damage, the carpet smelled of dog urine and that the flooring in the utility room was tom.
The evidence demonstrated that the costs to repair the damages were as follows: $85 for cleaning the carpets, $100 for repair of the particle board in the den, $50 for repair *67 of a custom blind, $5 to repair a pipe, $108.30 to repair the latch on the oven, $1,749 to replace the den carpeting, and $1,022.19 to replace the vinyl flooring. The landlords also presented evidence that attorney’s fees prior to filing suit amounted to $79.50 and attorney’s fees after filing suit amounted to $2,163.75. The total damages amounted to $5,362.74. The tenant had paid a $250 security deposit which was credited against the total amount of damages.
We find that the trial court used the proper standard for determining the amount of damages — the cost of repairs necessary to return the building to the condition contemplated by the terms of the lease. Collins v. Windsor, 505 So.2d 1205 (Ala.1987). The measure of damages contended by the defendant (before and after value) applies in event of permanent injury to the property and is not appropriate in this case. Goodyear Tire & Rubber Co. v. Gadsden Sand & Gravel Co., 248 Ala. 273, 27 So.2d 578 (1946).
The tenant contends that, because only a total of $190 worth of repairs was actually performed by the landlords before the premises were destroyed by fire in January 1987, the amount actually expended should be the extent of the tenant’s liability. We find no merit in this argument. Our review of the record reveals that the landlords introduced evidence to prove the damages caused by the tenant upon his surrender of the premises in May 1986. There was competent evidence to support the findings of the trial court which are, therefore, presumed correct under our standard of review. Collins, 505 So.2d 1205.
In his second issue the tenant contends that the written rental agreement was superseded by an oral agreement to raise the rent $50 per month after a heat pump was installed. However, the tenant cites no authority to support this contention. If no authority is cited, it is as if no such argument has been made, and we are unable to consider same. Salter v. AmSouth Bank, N.A., 487 So.2d 927 (Ala.Civ.App.1985).
In his final issue the tenant maintains that the specific wording of the written rental agreement limited the recoverable damages to actual expenditures made by the landlords. Provision number nine provides in pertinent part that the tenant agrees “[t]o be responsible and reimburse owner for all breakage, loss and/or damage to owner’s property under tenant’s care and use.”
The tenant, once again, advances an argument without citing any authority in support of such argument. The effect of his failure to cite any authority is that no such argument has been advanced. Salter, 487 So.2d 927. Although we are unable to consider the tenant's argument, we note that, pursuant to such wording in the rental agreement, it appears that the tenant agreed to be liable for all damages caused by him and reimburse the landlords therefor.
This case is affirmed.
The landlords request an attorney’s fee for defending this appeal. The request is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.