Carolyn Jeanette Collins appeals from the trial court's summary judgment for Gulf Furniture Stores, Inc., on her claims that Gulf Furniture trespassed and breached the peace while repossessing a gas range and vacuum cleaner that she had purchased on an installment payment plan. Collins does not dispute that she had defaulted on the payments.
Although Collins was not at home at the time of repossession, employees of Gulf Furniture entered her rented home with permission from her minor son and took possession of the range and vacuum cleaner from a storage closet in Collins's bedroom. Collins's son signed his mother's name to a "voluntary release" form, and the employees left the premises; there is no evidence in the record of violence or intimidation during the repossession. Collins subsequently sued Gulf Furniture, alleging that she had not authorized the entering of her home to repossess the range and vacuum cleaner and that Gulf Furniture had breached the peace in its repossession, in violation of Ala. Code 1975, § 7-9-503 ("Secured party's right to take possession after default").
The trial court entered summary judgment for Gulf Furniture and denied Collins's Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate the judgment. The issue for our review is whether the trial court erred in entering summary judgment against Collins's claims based on breach of the peace and trespass. In reviewing the disposition of a motion for summary judgment, we use the same standard as that of the trial court in determining whether the evidence made out a genuine issue of material fact. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979). In other words, we test the sufficiency of the evidence to "determine if any real [factual] issue exists." Garrigan v.Hinton Beef Provision Co., 425 So.2d 1091, 1093 (Ala. 1983); Rule 56, A.R.Civ.P.
Section 7-9-503 allows a secured party, after default, to take possession of collateral without judicial process, if it can do so peacefully, i.e., without risk of injury to the secured party, the debtor, or innocent bystanders. General Fin.Corp. v. Smith, 505 So.2d 1045 (Ala. 1987). The secured party may repossess collateral at the secured party's own convenience, and neither a demand for possession nor the debtor's consent is required before the secured party is entitled to take possession. Salter v. AmSouth Bank,487 So.2d 927 (Ala.Civ.App. 1985), and Pierce v. Ford Motor Credit Co.,373 So.2d 1113 (Ala.Civ.App.), cert. den., 373 So.2d 1115
(Ala. 1979).
Notwithstanding the evidence regarding her son's allowing Gulf Furniture employees to enter her home, Collins presented no evidence to prove that Gulf Furniture trespassed or breached the peace in repossessing the range and the vacuum cleaner. In light of evidence that no actual or constructive force was used in the repossession, the trial court properly entered summary judgment for Gulf Furniture.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.