This case involves an action by a creditor to enforce a guaranty agreement against only one of two guarantors of a corporate note. Baldwin County Savings and Loan (hereinafter "the Bank") sued Nancy Pilalas, a co-guarantor of a loan made to The Loft, Inc. (hereinafter "The Loft"), for the balance due on the note after the loan went into default. The trial court, sitting without a jury, entered judgment for the Bank in the amount of $19,517.06. Pilalas appeals from that judgment.
The record indicates that on October 18, 1984, Pilalas and Joanna Anderson, joint owners of The Loft, borrowed $30,000 from the Bank, and used it to purchase inventory for the business and to satisfy a personal loan that had been made to them by the Bank four months earlier. The $30,000 loan was made in the name of the corporation, signed by Pilalas and Anderson in their capacities as corporate officers, but both Pilalas and Anderson signed a personal guaranty agreement on the note. Sometime thereafter, The Loft experienced financial difficulties and ultimately defaulted on the loan. Pilalas and Anderson liquidated the inventory of the business and used the proceeds to partially satisfy the note. The Bank then demanded payment of the balance due on the note from Pilalas and Anderson personally. As a result of the demand on Anderson, she and her husband refinanced a personal mortgage with the Bank and received in excess of $12,000. Anderson applied this money to the corporate note, leaving a balance of $13,854.57. The Bank, then, without giving notice to or seeking the consent of Pilalas, released Anderson from any and all further obligation under the note and proceeded against Pilalas for the remainder due. That action resulted in a judgment in favor of the Bank, which prompted this appeal.
The sole issue presented is whether a creditor's release of one guarantor from his joint and several obligation on a corporate note acts as a release of a co-guarantor, as well.
The guaranty agreement involved in the present case provides as follows:
"GUARANTY OF PAYMENT
 "In return for a loan to __________ (the 'Borrower'), I promise to pay the Note and any extensions or renewals of the Note, and all expenses described in Section 5 of the Note if the Borrower does not pay as promised in the Note. I waive any defenses I may have as to the enforceability of the Note or this guaranty of payment against me.
 "I agree that the Lender may accept prepayment, extend the Note or renew the Note without notifying me or obtaining my consent. The Lender may also allow the Borrower to substitute, release or exchange any of the real or personal property given as collateral for the Note, without notifying me and without changing my obligation to pay under this guaranty of payment.
 "I will pay all of Lender's reasonable costs and expenses (including reasonable attorney's fees), if Lender is required to enforce this guaranty of payment through legal action or otherwise.
 "The Lender does not have to seek to collect the amount owed under the Note or mortgage from the Borrower or proceed against the Borrower's property before requiring me to pay.
 "CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.
"(X)Joanna L. Anderson
"(X)Nancy M. Pilalas." *Page 94 
(Emphasis in original.) Further, the note itself provides, in part:
 "11. SURRENDER OR RELEASE OF COLLATERAL AND PARTIES. The Lender may accept other and different security for the collateral, or for any part thereof, take additional security, release any of the collateral, and release any of the parties to this Note, all without notice to the other parties to this Note, and without affecting the liability of the other parties hereto for the payment of this Note or any other indebtedness to Lender. . . .
 "17. RESPONSIBILITY OF PERSONS UNDER THIS NOTE. If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety or endorser of the note (as described in Section 16) is also obligated to do these things. The Lender may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.
 "Any person who takes over my [the borrower's] rights or obligations under this Note, including those persons receiving or managing my property after my death (known as 'heirs, executors, or administrators') will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 16) is also obligated to keep all of the promises made in this Note.
 "This Note and the mortgage I give to protect the Lender contain the entire agreement between myself and the Lender. Any change in the agreement must be in writing." (Emphasis added.)
The guaranty agreement set forth above clearly constitutes an absolute guaranty, which is an unconditional undertaking by the guarantor to pay a debt at maturity if the borrower does not.Cf., Shur-gain Feed Div. v. Huntsville Prod. Credit Ass'n,372 So.2d 1317, 1320 (Ala.Civ.App. 1979). Under such an agreement, a creditor may pursue his remedy against the guarantor even without first going against the borrower. Seeid.
In the present case, Pilalas does not dispute that she agreed to be personally responsible for the note in the event of default by the corporation; rather, she argues that the Bank's release of co-guarantor Anderson acted as an accord and satisfaction of the debt, thus releasing her from any further liability on the note. We disagree.
Code 1975, § 8-1-20, defines an "accord" as "an agreement to accept in extinction of an obligation something different fromor less than that to which the person agreeing to accept is claiming or entitled." (Emphasis added.) Section 8-1-22 defines "satisfaction" as the extinguishment of an obligation by the "acceptance of the consideration of an accord." Further, this Court has recognized that the release of a joint debtor, which thereby deprives the other joint debtors of contribution from him, along with the release of a portion of the debt, constitutes sufficient consideration to support an accord and satisfaction. See Davis v. Anderson, 218 Ala. 557, 559,119 So. 670, 671 (1929). In the present case, however, no portion of the indebtedness was released or forgiven by the Bank; rather, the note was simply reduced by Anderson's partial payment of the outstanding balance. Moreover, the note in the present case expressly provides that the Bank may release any of the parties, including the guarantors, without notice to the other parties and without affecting the liability of the other parties on the note. Under these circumstances, the trial court correctly held that the release of co-guarantor Anderson did not effect an accord and satisfaction of the entire debt.
Next, Pilalas argues that the Bank's release of co-guarantor Anderson acted as a novation, thereby releasing her from any further liability on the note. Again, we disagree.
A novation is the substitution of one contract for another, which extinguishes *Page 95 
the pre-existing obligation and releases those bound thereunder. See Smith v. Mid South Fiberglass, Inc.,531 So.2d 649, 652 (Ala. 1988); and Bledsoe v. Cargill, 452 So.2d 1334,1336 (Ala.Civ.App. 1984). In addition, the party alleging a novation has the burden of proving that such was the intention of the parties. See Haygood v. Woods, 507 So.2d 525, 527 (Ala. 1987).
In Bledsoe, 452 So.2d 1334 (Ala.Civ.App. 1984), the Court of Civil Appeals rejected the guarantor's argument that subsequent agreements entered without his consent or knowledge by the other guarantors of the corporate note acted as a novation and extinguished his liability under the original guaranty agreement, where the subsequent agreements increased only the personal liability of the other guarantors and where the original agreement expressly provided that the creditor could extend collateral from other persons without releasing him from his obligations under the note. Furthermore, in Salterv. Amsouth Bank, N.A., 487 So.2d 927 (Ala.Civ.App. 1985), the Court of Civil Appeals held that the release of a co-maker of a note did not act as a release of the defendant maker where the note expressly provided that the bank could release any person responsible for the loan without affecting the obligations of the other parties.
In the present case, the trial court found that the defendant, Nancy Pilalas, was liable under the terms of the guaranty agreement for the balance due on the note, including interest and costs, and that the release of co-guarantor Anderson did not effect a release of Pilalas, either by an accord and satisfaction or by a novation. Where, as here, the evidence regarding the rights and obligations of parties to a contract is presented ore tenus, the findings of the trial court are entitled to a presumption of correctness and will not be disturbed on appeal absent a showing of plain and palpable error. See Smith, 531 So.2d at 652; and Creative Leasing, Inc.v. Cannon, 496 So.2d 79, 81 (Ala.Civ.App. 1986). The trial court's findings in this case are soundly supported by the evidence in the record, as is its judgment in favor of the Bank. Therefore, that judgment is hereby affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.