Edward Sanders filed an action against Gilbert Roberts and Judy Roberts, alleging that Gilbert Roberts, while driving Judy Roberts's automobile, negligently drove that automobile in the left lane of the road, and thereby caused a collision with Sanders's automobile. The trial court directed a verdict in Judy's favor, and the jury returned a verdict for Gilbert. The trial court denied Sanders's motion for a judgment notwithstanding the verdict and entered judgment on the verdict. We affirm.
The record discloses the following concerning the accident. Sanders was driving his automobile south on the right side of an unpaved road in Russell County. Gilbert, driving an automobile owned by his wife Judy, was traveling north on that road on the same side that Sanders was traveling on. The automobiles collided when they rounded a curve in the road.
At the time of the accident, a county road grading vehicle was scraping the road, leaving a pile of dirt approximately two feet high in the middle of the road. Sanders's side of the road had been scraped, but the side that Gilbert would travel in to be on the right side of the road had not been scraped. According to several witnesses, a driver traveling in the direction that Gilbert was going could not drive on the proper side, because there was not enough room on that side, when one considered the pile of dirt in the middle of the road and that the road grader was blocking that side.
There was contradictory evidence concerning whether Sanders's automobile was actually damaged. The evidence was also contradictory as to whether Sanders had sustained any injury as a result of the accident.
The trial court directed a verdict for Judy at the end of Sanders's case-in-chief. Sanders argues that that ruling was error, because, he says, Gilbert, as the driver of Judy's car, is presumed as a matter of law to be acting as Judy's agent and, he further says, at the time the trial court granted the directed verdict, Judy had not rebutted that presumption. Sanders is correct that Judy's ownership of the car creates *Page 1024 
a presumption that Gilbert, as the person in possession and control of the automobile, was the agent or servant of Judy.Perdue v. Mitchell, 373 So.2d 650, 653 (Ala. 1979). At the time when the trial court directed the verdict, Judy had not offered evidence to rebut the presumption. During the presentation of the defense, however, there was much evidence presented to show that Gilbert was not acting on any duty or responsibility to his wife, and that evidence indicated that Gilbert was not Judy's agent. That evidence was unrebutted. Accordingly, the defense did rebut the presumption. Inasmuch as the defense had not rebutted that presumption at the time the trial court directed the verdict for Judy, however, Sanders was, at that time, entitled to the presumption that Gilbert was acting as Judy's agent or servant. Sanders's action against Judy was based on Gilbert's alleged negligence, not on a claim that Judy had negligently entrusted the vehicle to Gilbert. Accordingly, Sanders was entitled to the presumption that Gilbert was Judy's agent or servant, but, even with that presumption, the issue of liability in the trial exclusively concerned Gilbert's allegednegligence, not any alleged negligence on Judy's part. The jury returned a verdict for Gilbert. We have stated that if a servant's conduct is the only basis of liability against a master, then a verdict exonerating the servant normally relieves the master of liability. See, e.g., Louisville Nashville R.R. v. Garrett, 378 So.2d 668 (Ala. 1979); AlabamaGreat Southern R.R. v. Evans, 288 Ala. 25, 256 So.2d 861
(1972). That statement addresses the particular facts of this case, because Sanders's claim against Judy is based exclusively on Gilbert's alleged negligence. Considering that the jury found for Gilbert, we hold that if the trial court erred in directing the verdict for Judy, the error was harmless, provided that the jury verdict was proper.
This Court, reviewing the jury verdict, must review the record in the light most favorable to Gilbert. Pate v. SunsetFuneral Home, 465 So.2d 347 (Ala. 1984). A jury's verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. Id. Considering the entire record, we hold that the jury's verdict was neither plainly erroneous nor manifestly unjust.
The trial court did not err in denying Sanders's motion for judgment notwithstanding the verdict. The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.