ROBERTSON, Presiding Judge.
This case involves the breach of a lease agreement and abandonment of the leased property.
On July 14, 1989, Howard Spann (lessor) filed a complaint against Paul Newman d/b/a Solar Trends (lessee). The complaint alleged that the lessor and the lessee entered into a lease agreement involving a *902 building and an adjacent parking lot located at 805 Glover Avenue, Enterprise, Alabama. The lessor further alleged that the lessee breached the agreement by: 1) failing and refusing to pay rent; 2) vacating the premises; 3) damaging the premises; 4) failing to permit the lessor to enter onto the premises; and 5) by removing the personal property of the lessor from the premises.
The lessee filed an answer and a counterclaim which alleged, inter alia, that certain additions and repairs to the building were not performed; that the heating unit was never repaired; and that, as a result of the lessor’s refusal to repair the roof of the building, certain inventory was damaged.
The lessee filed a motion for a directed verdict at the conclusion of the trial. The trial court granted the motion as it concerned the damage to the premises and attorney fees. The motion was denied as to the issue of the breach of the lease. The jury rendered a verdict for the lessor in the amount of $5,300 and in favor of the lessor on the counterclaim. The trial court found that the verdict was supported by legal and competent evidence at trial and ordered that the lessee’s motion for judgment notwithstanding the verdict and motion for remittitur be denied. The lessee appeals.
The dispositive issue on appeal is whether the trial court erred in denying the lessee’s motion for a judgment notwithstanding the verdict or, in the alternative, a motion for remittitur. The lessee argues that the damages awarded to the lessor were greater than those allowed by law.
The record reflects that on October 6, 1987, lessor leased a building and lot located in Enterprise, Alabama, to lessee. The lessee vacated the premises in March 1989, and the lessor took possession of the premises in May 1989. The lessee paid rent through March 1989. Further, it was undisputed that the term of the lease was for 24 months beginning November 1, 1987, and terminating September 30, 1989.
The lessee argues that the verdict was excessive because the lessor accepted the abandoned property in May 1989, thereby terminating the lessee’s liability for rent accruing thereafter. The record reflects that the lessor re-entered the premises a couple of weeks after the lessee abandoned the property. The lessor’s testimony indicates that he attempted to lease the building and the parking lot by placing signs on the property and advertising in the newspaper. Thereafter, only the parking lot was leased for $200 per month beginning in June 1989.
The facts of this case suggest that the jury arrived at a verdict of $5,300 by subtracting $700, the amount paid by the new lessee of the parking lot from the $6,000, which represented the total rent on the building and the parking lot for the six months remaining on the original lease.
First, we consider the conduct of the lessor in regards to the lessee’s abandonment of the lease. In McClure v. Daniel, 45 Ala.App. 558, 233 So.2d 500 (1970), this court explained that certain conduct by a lessor would not constitute an intention to terminate a lease. We held that “evidence that [lessor] went into the leased premises, inspected them, and made some effort to find another tenant is insufficient evidence of re-entry and intention to terminate the lease.” McClure 233 So.2d at 502. In this case, the record clearly indicates that the lessor did no more than the lessor in McClure. Therefore, the lessor’s conduct alone is insufficient for this court to find that the lessor accepted the abandonment of the lessee.
In International Tool & Engineering Co. v. Sullivan, 389 So.2d 138 (Ala.Civ. App.1980), this court held that “[ajbandonment of the property by the lessee and acceptance of the abandonment by the lessor were questions of fact to be determined by the trier of facts.” Sullivan at 140. It is well established that “[a] jury’s verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust.” Sanders v. Roberts, 563 So.2d 1022, 1024 (Ala.1990). Further, our supreme court has held that “a judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong.” Whisenant v. Nationwide Mut. Fire Ins. Co., 577 So.2d 909, 911 (Ala.1991). In this case, the *903 jury rendered a verdict in favor of the lessor, and the trial court denied the lessee’s post-judgment motions on the basis of the jury verdict. This court fails to find evidence in the record that the jury’s decision was plainly and palpably wrong. Accordingly, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.