ROBERTSON, Presiding Judge.
Mortgage Systems, Inc., filed a complaint against Earnest Wright, a homeowner, and Bo Mathews Home Improvement, Inc. (Mathews), a general contractor, alleging that Wright and Mathews had breached a contract with it by failing to pay for materials and labor. Mathews filed an answer to the complaint, denying any contract with Mortgage Systems. Wright was dismissed from the lawsuit because of the failure of Mortgage Systems to serve him with the summons and the complaint.
The case was tried in district court, where a judgment for $3,293.95 was rendered in favor of Mortgage Systems. Mathews appealed to the circuit court for a trial de novo. Following an ore tenus proceeding, the trial court rendered a judgment in favor of Mathews without making any specific findings of fact.
Mortgage Systems appeals, contending that the judgment of the trial court was *473 plainly and palpably wrong and/or manifestly unjust.
The record reflects that the trial court heard testimony from Bo Mathews on behalf of his company (general contractor), Jay Woodruff on behalf of Mortgage Systems, and Clayton Hawkins. Mathews testified that he had hired Clayton Hawkins as a subcontractor to do certain work on a home improvement job that he had contracted to do with one Earnest Wright. Mathews further testified that he issued a check to Hawkins in the amount of $1,850 after Hawkins informed him that the work on Wright’s house had been completed. However, Mathews stopped payment on the check when he was informed by a city inspector that he had stopped all work on the house until the house was rewired. Mathews’s contract with Wright did not include wiring the house. Mathews also testified that he had not been paid for the work performed on Wright’s house. Mathews further testified that he had no knowledge of any agreement between Hawkins and Mortgage Systems regarding the work on Wright’s house until he received a letter from the attorney for Mortgage Systems.
Hawkins testified that Mathews hired him to do the work on Wright’s house and that he had an agreement with Mortgage Systems to split the profits from the job. However, Hawkins was unable to recall if he told Mathews that he would be working for Mortgage Systems on the job in question. Contradictory testimony was given by Jay Woodruff, who testified that Mortgage Systems had an oral contract with Mathews.
Where evidence is presented ore tenus, the judgment of the trial court is presumed correct and will not be disturbed on appeal absent a showing of plain and palpable error. Pilalas v. Baldwin County Savings & Loan Ass’n, 549 So.2d 92 (Ala.1989). This rule is based on a recognition of the trial court’s unique position to evaluate both the demean- or and the credibility of the witnesses. Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538 (Ala.1988). Further, where the trial court does not make specific factual findings, this court will assume that the trial court made such findings which would support its judgment. Transamerica Com. Fin. Corp. v. AmSouth Bank, 608 So.2d 375 (Ala.1992).
We have examined the record in this case and find that the trial court’s determination, that Mortgage Systems is not entitled to recover, is supported by the evidence. The record reflects sufficient evidence to support a finding that there was no contract between Mortgage Systems and Mathews; thus we cannot hold that the judgment of the trial court was plainly and palpably wrong.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in result.