YATES, Judge.
The defendant appeals from an order granting a new trial. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On March 29, 1993, Amanda Swader and her husband Patrick Swader sued Rodney Stewart, alleging that Stewart had negligently and/or wantonly driven his motor vehicle into a vehicle driven by Amanda Swader and had thereby caused her personal injury; Patrick Swader claimed damages for loss of consortium. On February 14, 1996, a jury found in favor of Stewart.
*207 The Swaders moved for a new trial, pursuant to Rule 59, Ala. R. Civ. P., arguing that the verdict was contrary to the law and the evidence; that the verdict was so much against the great weight and preponderance of the evidence that it was plainly and palpably wrong; and that there was no evidence that Amanda Swader had been guilty of contributory negligence. The court, on April 2, 1996, granted the motion. The ease action summary sheet specifically states: “Case being called for hearing and Plaintiff being present and defendant having failed to appear, motion for new trial is hereby granted.” Stewart appeals.
Jury verdicts are presumed to be correct and will not be disturbed unless plainly erroneous or manifestly unjust. Sanders v. Roberts, 563 So.2d 1022 (Ala.1990). Rule 59(a), Ala. R. Civ. P., however, allows the trial court to grant a new trial “(1) on all of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore [i.e., before the adoption of Rule 59] been granted in actions at law in the courts of Alabama.” Whether to grant or to deny a motion for a new trial is within the sound discretion of the trial court, and its ruling in that regard will not be disturbed unless some legal right was abused and the record plainly and palpably shows that the trial court erred. McBride v. Acceptance Ins. Co., 653 So.2d 978 (Ala.1995).
It is clear that the court ordered the new trial solely because Stewart or his attorney failed to appear at the hearing on the new trial motion. Alabama caselaw sets forth numerous grounds upon which a trial court may grant a new trial. However, we have found no authority for granting a new trial on the basis that the party counsel opposing the motion for new trial failed to appear at the hearing set for the motion. We note that the record indicates that Stewart’s attorney who tried the case before the jury was not notified of the hearing.
The record shows a pattern of poor service and communication with the litigating attorneys. Our review indicates that on five earlier occasions during the pendency of the case the circuit clerk’s office failed to notify the attorneys of hearings in the case and that on each of those five occasions, as a result of the failure to notify, the court either dismissed the case or entered a default judgment. The court reinstated the case after each dismissal and set aside each default judgment, after learning of the lack of notice. When it entered the new trial order, the court was well aware that lack of notice had previously been a problem in this case.
Granting a new trial is an extreme measure, and new trials should be granted sparingly. Given the facts of this case, we conclude that the trial court abused its discretion in granting the motion for new trial solely on the ground that Stewart’s counsel was not present for the hearing.
The judgment of the trial court is reversed, and the case is remanded.
REVERSED AND REMANDED.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.